His Honour JOHN TREADWELL, LIEUTENANT-
GOVERNOR,

HONOURABLE OLIVER ELLSWORTH,
HONOURABLE WILLIAM HILLHOUSE,
HONOURABLE JOHN CHESTER,
HONOURABLE ROGER NEWBERRY,
HONOURABLE AARON AUSTIN,
HONOURABLE JONATHAN BRACE,
HONOURABLE JOHN ALLEN,
HONOURABLE CHAUNCEY GOODRICH,
HONOURABLE WILLIAM EDMOND, and
HONOURABLE ELIZUR GOODRICH,

} ASSISTANTS.

————※————

## Smith *v.* Raymond.

1804.

In the Court below,

PHINEHAS SMITH, *Plaintiff;* TIMOTHY RAYMOND, *De-
fendant.*

THE plaintiff brought an action of trespass, alleging that the defendant had entered upon his land, and cut down his timber trees thereon standing; to which title was pleaded, and the cause removed agreeably to the statute. (*a*)

*A verdict must contain all the material facts put in issue.*

(*a*) *Stat.* 425.

In the Superior Court, the cause was tried on the following pleadings :

Plea—" That long before the date and impetration of " the plaintiff's writ, one *Luke Raymond* of Stamford, " in said County, was well seized and possessed, in his " own right, in fee, of the land and premises, on which " the said trees were standing and growing ; and the " said *Luke Raymond,* for more than thirty eight years " before, was, and ever since hath continued, seized " and possessed, in his own right, in fee, of the land, " on which said trees were growing as aforesaid ; and the " said *Luke Raymond* being so seized thereof, he the de- " fendant, at the special instance and request of the said " *Luke Raymond,* and as a servant to him, did on or " about the 1st day of March, 1797, enter in and upon the " north side of said described piece of land, and did then " and there cut about four trees, then and there standing " and growing on said land of the said *Luke Raymond,* as " well he might do ; all which is the same cutting," &c.

Replication—" That said land, at the time of cutting " said trees, and at the time the defendant was so re- " quested to cut the same, and long before, and ever " since, did of right belong to the plaintiff, as his own " estate, in fee, exclusively of all others ; *without that,* " that said *Luke Raymond* was, in any way or manner, " seized or possessed of the land, on which said trees " were standing and growing ; and *without that,* that " said *Luke Raymond* was ever, at any time, seized or " possessed, in his own right, or in right of any other " person or persons, of the land, on which said trees " were growing as aforesaid, either *at, before,* or *after,* " the date and impetration of the plaintiff's writ ; and " *without that,* that the defendant might well, or by any

" right, enter on said land, or cut said trees, at the spe-
" cial instance and request of, or as servant to, the said
" *Luke Raymond*."

Issue was joined to the jury, who returned the fol-
lowing verdict: " In this case, the jury find, that long
" before the date and impetration of the plaintiff's writ,
" one *Luke Raymond* of Stamford, in said County, was
" well seized and possessed, in his own right, in fee, of
" the land and premises, in the plaintiff's declaration
" mentioned, on which the said trees were standing and
" growing; and, therefore, find for the defendant his
" cost."

The plaintiff moved in arrest of judgment, that the
verdict contained no material fact put in issue by the
pleadings. The Court adjudged this motion insufficient,
and sustained the verdict.

*R. M. Sherman*, for the plaintiff.

*Smith*, (of Woodbury) and *Daggett*, for the defend-
ant, contended, that the traverse, offered by the plaintiff,
was in the alternative,—" *either at, before, or after*,"—
and that the verdict had answered one of the alterna-
tives.

BY THE COURT. The question on the pleadings, as
closed, is a question of title. The plea of the defendant
is not so formal as it might have been; but, so far as
respects title, is substantially good, and if true, suffi-
cient to save the defendant from the plaintiff's demand.
The replication of the plaintiff is, also, somewhat in-
formal, but substantially good, as it negates and puts in
issue every part of the defendant's plea material or essen-

tial to the decision of the question of title, and of the plaintiff's right to recover. By the verdict of the jury nothing more is found, than, " That long before the date " and impetration of the plaintiff's writ, one *Luke Ray-* " *mond* of Stamford, in said County, was well seized " and possessed in his own right, in fee, of the land and " premises in the plaintiff's declaration mentioned, " on which the said trees were standing and growing." But whether, at the time of the licence given to the defendant, or at the time of cutting the trees complained of, or at the date and impetration of the plaintiff's writ, the said *Luke Raymond* was seized and possessed of the premises, (which material facts were put in issue by the pleadings) does not appear from the verdict; nor are they, with any certainty, to be inferred therefrom. The verdict of the jury is, therefore, defective, in that it does not find the material facts put in issue, and is wholly undecisive as to the question of title, which the defendant, by his plea, took upon himself to establish. The verdict of the jury, therefore, did not lay a foundation sufficient to warrant the judgment of the Superior Court, in favour of the defendant; and the plaintiff's motion in arrest ought to have been adjudged sufficient; and for this, the judgment of said Superior Court is reversed.