## JONATHAN ELKINS *v.* LEVI M. PARKHURST.

When a note is payable in specific articles on a day certain, no demand is necessary before bringing the suit;—otherwise, *Per* BENNETT, J., if payable on demand.

If, upon a note payable in leather on a given day, the defendant turn out leather unsealed, which, by law, is required to be sealed before it is offered for sale, or if he turn out leather which has been sealed as bad leather, such tender cannot avail the defendant as a bar to an action on the note.

If a note be made payable in leather, without any designation of the quality, the holder has a right to require that it shall be of *merchantable* quality.

A contract in contravention of the terms of a statute is void, although the statute inflict a penalty only, because such penalty *implies* a prohibition.

Every proper intendment is to be made, to sustain a verdict; and it is the duty of the excepting party to show affirmatively that error intervened on the trial.

ASSUMPSIT on a promissory note, dated in November, 1839, whereby the defendant promised to pay to the plaintiff, by the middle of February next following, 125 good merchantable sap buckets, or $20 worth of leather, to be delivered at the defendant's shop in Troy. Plea, the general issue, and trial by jury.

On trial the plaintiff offered no evidence tending to prove that the buckets, or the leather, mentioned in said note, had ever been demanded of the defendant before the commencement of this action. The defendant contended that the plaintiff was not entitled to recover, without proof of such demand; but the court decided that no demand of payment was necessary.

The defendant then offered evidence tending to prove, that, on the 12th day of February, 1840, when neither the plaintiff nor his agent was present, the defendant set apart, in his shop at Troy, a quantity of leather of different descriptions, and of the value of twenty dollars, or more, saying, in the presence of witnesses, that he turned out said leather in payment of the note in question. And the evidence tended farther to show that said leather remained in the shop, unmixed with other leather, to await the call of the plaintiff, until long after the middle of said February; but that the

14

plaintiff did not come, either in person or by his agent, on the said middle of February, to the defendant's shop, to receive said leather.

The court charged the jury, among other things, that, if the leather tendered and offered by the defendant, in payment of the note, was not sealed at the time of his tender, or when said note fell due, or, if the leather thus tendered was sealed with the letter B, the tender was invalid, and would not operate as a payment of the note, and would not avail the defendant in this action; to which charge, after verdict and judgment for the plaintiff, the defendant excepted.

*Smalley & Adams* for defendant.

1. The plaintiff cannot maintain this action without demanding payment before suit.

2. Any kind or description of leather, that was marketable, could be legally tendered in payment of this note. The charge of the court, that, if the leather tendered was not sealed, the tender was invalid, cannot be sustained. The statute, Slade's ed. 468, § 3, requires neat's leather, calves' skins, and tanned horse or colts' hides, only, to be sealed. Tanned sheep skins, goat skins, dog skins, deer skins and hog skins, which are leather, are not within the operation of this act. The term neat's leather includes only leather manufactured from the skins of horned cattle. Rev. Stat. 358, § 41. Under this charge, the jury could not return a verdict for the defendant, if, among the leather tendered, there was one sheep skin, goat skin, dog skin, hog skin, or deer skin unsealed. This act is penal in its character, and cannot be extended, by construction, to embrace any description of leather not mentioned in the act. 1 Bl. Com. 88, § 3.

*C. W. Prentiss* for plaintiff.

The statute passed Nov. 9, 1797, on the subject of sealing leather, is the only one applicable to this case. Slade's Comp. Laws, 468. By this statute it is made the duty of the leather sealer "carefully to examine such leather as shall be offered to him for inspection, and, such as he shall find *not fit for market*, to stamp or seal with the letter " B."

Elkins *v.* Parkhurst.

The question, then, is reduced merely to this inquiry, whether leather which is not fit for market is a legal tender on a note payable in leather? See Chipman on Contracts, 32, 33, 34; 1 Swift's Dig. 291.

It would seem, that, on such a note, the leather which is offered in payment must be at least of the lowest quality of merchantable leather. It need not be of an average quality. Leather which is marked "B" has no merchantable character. And it would be too much to say that the parties to a contract for leather had in contemplation leather of this kind.

It may be said, that a note payable indeterminately in leather does not come under the same rule, in regard to the *quality* of the leather, as a note payable in merchantable leather. I find no distinction made in the able essay of Chipman on this subject, nor in any of the books; but if there be a distinction, I apprehend it is the distinction alluded to by Chipman, pp. 33, 34, between articles of the lowest merchantable character and those of an average merchantable quality; the latter being the only proper tender on a note expressed for merchantable property, and the former on notes which are written indeterminately in respect to quality.

Leather sealed "B" is not bought and sold by merchants and dealers in leather; it is only the subject of rare and special contracts, which are exceptions to the common course of dealing and trade, when both parties trade with their eyes open, with a full knowledge that the article, which is the subject of negotiation, is a refuse article, condemned by the law and by all dealers and traders.

The opinion of the court was delivered by

BENNETT, J. Though this note was payable in sap buckets or leather, at the option of the maker, yet a day certain was fixed, when it was to become payable. By a fair construction of the note, whether paid in buckets, or in leather, it must have been paid by the middle of February next following the date of the note. When a note is payable in a specific article on demand, a special demand is necessary before suit is brought; but when a day certain is fixed for payment, a special demand has never been held necessary.

The defendant also objects to the charge of the court. If the

leather tendered was not sealed, either at the time when it was turned out, or on the day when the note was payable, or if, when turned out, the leather was sealed with the letter B, the jury were told the tender could not avail the defendant. Is there any objection to this? By the act of 1797, if any person sold, or offered for sale, neat's leather, or calf-skin, or tanned horse's or colt's hides, until it was first sealed with the letter G, or with the letter B, he forfeited double the value of such leather, or hides, one half to the prosecutor and the other half to the treasurer of the town, in which the sale, or exposure for sale, happened. In 1811 the law was extended to tanners and persons engaged in the business of tanning, who should sell or expose to sale any sole-leather, until weighed and stamped. Slade's Comp. 468, 471. As this note was not only given, but payable, before the Revised Statutes went into operation, the rights of the parties are to be determined under the old law. It is said by the defendant's counsel, that, if there had been any tanned sheep skins, goat skins, dog skins, deer skins, or hog skins, which come under the denomination of leather, and which are not required to be stamped, among the leather turned out, the jury, under the charge, must have still returned a verdict for the plaintiff. But we are not to understand that such was the fact. The case shows that a quantity of leather of different descriptions was turned out by the defendant at his shop; and it is to be taken that this was all such leather, as the defendant was bound by the law to cause to be stamped, before he offered it for sale. It might well have been, and I have no doubt, from the manner in which the case was made up, it was so, in point of fact.

The whole question raised on the charge is, as to what should be the effect, either of the want of a stamp upon the leather, or if stamped bad. In all other respects the charge was satisfactory. Every proper intendment is to be made to sustain a verdict; and it is the duty of the excepting party to show affirmatively that error intervened on the trial. If the leather was not sealed, it was the object of the defendant to transfer the ownership of the leather from himself to the plaintiff, in payment of his note, against the express prohibition of the statute. Will the court, in such case, lend the party its aid to carry such intention into effect? The rule, as laid

down by Chitty, is, that a contract is void, if prohibited by a statute, though the statute only inflicts a penalty; because such a penalty implies a prohibition. Chitty on Contracts, (last edit.) 694; *Bartlett* v. *Vinor*, Carth. 252. In *Langton* v. *Hughes*, 1 M. & S. 596, Lord Ellenborough says, "it may be taken as a received rule of law, that what is done in contravention of the provisions of an act of parliament cannot be made the subject matter of an action." *De Begnis* v. *Armistead*, 10 Bingh. 107; *Ferguson* v. *Norman*, 5 Bingh. N. C. 86; *Cope* v. *Rowlands*, 2 Mees. & Welsb. 149; *Wheeler* v. *Russell*, 17 Mass. 258; *Mitchell* v. *Smith*, 1 Binn. 118.

If, then, the defendant could not have recovered in an action for leather sold, in contravention of the statute, it follows, that the court should not give effect to a tender, the object of which was to pass the title to the leather from the one to the other, in payment of a precedent debt.

The alternative of the charge of the court, that, if the jury found the leather sealed with the letter B, it could not avail the defendant, cannot admit of a question. If the defendant elected to pay his note in leather, the plaintiff had the right to require that it should be of a merchantable quality. Such must be taken to have been the intention of the parties. This is well settled. If, then, the leather had been condemned by the leather-sealer, and stamped as bad, this would furnish evidence that the leather was not of such a quality as the defendant was bound to turn out, and could not operate to discharge the note.

The judgment of the county court is affirmed.