' [ *139 ]
*Hinman, J.
This action was assumpsit on the common counts, but the bill of particulars contained only an item for cash lent, which restricted the plaintiff’s right of recovery, to the count for money lent; and as the defendant insists that the proof did not support that count, the question is, whether the court was correct in charging the jury that the facts claimed by the plaintiff constituted and shewed a loan, in the legal acceptation of the term. These facts are, that the defendant, being under obligation to pay to certain persons several sums of money, amounting in all to the sum of eighty-four dollars, requested the plaintiff to pay them, and promised that if he would do so, he, the defendant, would deposit- the amount to the plaintiff’s credit in the Hartford Bank, on or before the first of January following. The plaintiff having paid the money, as requested, we think it was in substance a loan. And whether it might also have been treated as money paid, is of no importance. There is no principle that requires a manual transfer of money into the borrower’s hands, in order to constitute a loan. The question is not so much what was the form of the transaction as what was the substance of it. The plaintiff advanced the, money at the defendant’s request, and on his promise to repay it by depositing it in bank. The transaction has every characteristic of a loan, except that it was not paid over into the defendant’s hands And this, in Wade v. Wilson, 1 East., 195, was held to be un • necessary. We do not therefore advise a new trial.
In this opinion the other judges concurred; except Storrs C J., who having tried the case in the court below, did not sit.
New trial not advised.