[ *144 ]
* Waldo, J.
The only questions presented in this case relate to the sufficiency of the verdict, each party claiming that the court can, with suitable changes, “ work the finding of the jury into form,’’ so that a judgment might be rendered in his favor, while both seem to admit that it is now informal, if not fatally defective. A verdict may be defined to be, the answer of the jury to the questions of fact- contained in the issue formed by the pleadings of the parties. It may be general or special. A general verdict directly finds or negates all the facts in issue in a general form. A special verdict is where the jury finds the facts particularly, and then submits to the court the questions of law arising upon them. If, in either case, the jury return a verdict varying materially from the issue, either omitting to find all the facts embraced in it, or, disregarding the issue, find other and different facts not in the issue, the verdict will be insufficient, and judgment for such cause will be arrested. Gould’s Pleading, ch. 10, sec. 9. Smith v. Raymond, 1 Day, 189. Kegwin v. Campbell, 1 Root, 268. It is not necessary that the verdict should conclude formally in the words of the issue, the general rule being that, “ although the verdict may not conclude formally or particularly in tbe words of the issue, yet, if the point in issue can be concluded out of the finding, the coui't shall work the finding into form and make it serve according to the justice of the case.” Forster v. Jackson, Hobart, 54. Porter v. Rummery, 10 Mass., 66. Stearns v. Barrett, 1 Mason, 153.
Have the jury, in the verdict under consideration, found the facts contained in the issue, either in a general form or specially ? We think they have not. They have not found the issue directly either for the plaintiffs or the defendant; nor have they found the facts specially, and submitted the law arising thereon to the court. They say they acquit the defendant of the charge of fraud, but whether it be on the ground of their intuitive belief of his innocence, or for want of satisfactory evidence to sustain the charge, is left to conjecture. They find for the plaintiffs to recover, but do not find a single fact tending to establish their right to a judgment. We may infer, ■[ *145 J perhaps, *from the language of the verdict, that the jury found that the defendant was not guilty of fraud, but they do not give us any rule by which we can ascertain what they supposed was included in the term fraud. It is possible *119 they intended to negate simply the direct allegation of fraud in contracting the debt contained in the first count in the declaration, and to find that th.e other allegations in the declaration were sustained, and, attempting to discriminate between actual fraud* and what is sometimes called constructive or incidental fraud, they may have concluded the defendant was not guilty of the former but was guilty of the latter. If the evidence justified this view of the case, they should have found the issue upon the fir-st count in favor of the defendant, and upon the second count in favor of the plaintiffs, and their action would then have been intelligible and conclusive. Or the jury may have found the defendant not guilty of the several allegations in both counts, charging such acts as would have rendered him liable in this form of action, and still have found that he was really indebted to the plaintiffs, which debt he ought to pay, and hence they might have supposed it was proper for them, instead of returning a verdict for the defendant in general terms, to acquit him of the several charges contained in the declaration, and still render a verdict against. him for the amount of his real indebtedness. In these aspects, or in whatever aspect this verdict may be considered,.we are satisfied it is not an intelligent answer to the questions of fact submitted to the jury in the issue formed by the pleadings, and is so uncertain, defective and insufficient ■that no valid judgment can be rendered upon it; and inasmuch as the parties have not had their matters in issue determined, there must be a new trial, to effect which-a venire facias de novo must be issued. Patterson v. United States, 2 Wheat., 221. Barnes v. Williams, 11 id., 415. Bellows v. Hallowell & Augusta Bank, 2 Mason, 31.
Other points have been made, and discussed by counsel, but as some of them have heretofore been adjudicated by this court, and as none of them are necessarily involved in the *final disposition of the case, we have not thought it [ *146 ] necessary to consider them at this time. The superior court is advised that no judgment can be rendered upon the verdict, and that a venire facias de novo must be issued.
In this opinion the other judges concurred.
Judgment arrested, and a new venire to be issued.