GEORGE H. WHITAKER *vs.* JAMES B. TATEM AND OTHERS.

In an action of trespass the jury returned the following verdict:—In this case the jury find the issues in favor of the plaintiff, and that he recover of the defendants *T* and *C* one hundred and seventy-five dollars—to be divided as follows: against *T* seventy-five dollars, against *C* one hundred dollars. Held not to be a legal verdict.

And held that the apportionment of the damages between the defendants was not to be taken as surplusage and the verdict held good for the whole sum against both. (Two judges dissenting.)

TRESPASS for an assault and false imprisonment; brought to the Superior Court in Windham County, and tried to the jury before *Sanford, J.* Verdict for the plaintiff against two of the defendants, and motion in error by them. The case is fully stated in the opinion.

*T. E. Graves* and *C. E. Searls*, for the plaintiffs in error.

*S. H. Seward*, with whom was *H. Johnson*, for the defendant in error.

GRANGER, J. This is an action of trespass, for assault and battery and false imprisonment, and was tried to the jury upon the general issue and notice. There were four defendants. The jury returned the following verdict:—

"In this case the jury find the issues in favor of the plaintiff as against the defendants James B. Tatem and Haskell F. Cox, and in favor of the defendants, Edward W. Warren and Calvin M. Brooks; and therefore find for the plaintiff to recover of the defendants James B. Tatem and Haskell F. Cox, the sum of one hundred and seventy-five dollars damages and his costs; the damages assessed by the jury to be divided as follows:—against James B. Tatem, seventy-five dollars ($75); against Haskell F. Cox, one hundred dollars ($100)."

The court accepted the verdict and rendered judgment for the plaintiff to recover of the defendants Tatem and Cox the sum of one hundred and seventy-five dollars and his costs. The defendants moved in arrest of judgment for the irregularity of the verdict. The case is before us upon the motion in error filed by the defendants upon the overruling of their motion in arrest.

The only question is, Was the verdict regular and legal? A majority of the court think it was clearly irregular and illegal, and that the court erred in accepting it and rendering judgment upon it. It is elementary law that verdicts must correspond with and be responsive to the issues joined in the cause. The issue in this case was whether the defendants or any of them were guilty of an act of trespass against the plaintiff, and, if so, how much damage he had sustained;—not how much damage he had sustained by the act of Tatem and how much at the hand of Cox, nor how much as a matter of equity between themselves each one ought to pay. There is no contribution between joint trespassers and the jury had no power to determine how much each one should pay. It is true the court disregarded that part of the verdict which apportions the damage and rendered judgment against both defendants for the whole sum. But this judgment does not correspond with the verdict of the jury. We think it very apparent that the jury considered the apportionment an essential part of their verdict, and it is more than probable that no verdict would have been rendered for the plaintiff had they supposed that their assess-

ment of damages between the two defendants as they returned it would be disregarded and that each would be held, as the law holds them, liable for the whole sum. And as this court said in the case of *Roberti* v. *Atwater*, 42 Conn., 270, " The verdict is faulty in substance. The issue was—had the defendant done the wrong and disseisin charged in the declaration." The jury in that case found the issue for the plaintiff, that he recover the seisin and possession, and that the defendant have until a day named to remove the barn. " It is clear (the court say further) that the jury believed that they were authorized to name a day in the future prior to which the defendant might enter upon the plaintiff's land without consent and remove the barn. It is presumed that this belief entered into and produced the verdict, and that the jury would not have agreed to any portion of it as actually rendered unless this condition had been embodied in it. To strike off this condition and allow the remnant to stand is for this court to make and record a verdict which the jurors refused to render. They practically declared themselves unable to agree upon one within legal limits and we cannot perfect that which they left thus imperfect." We think these suggestions applicable to the present case. We have no doubt that the jury believed that they had a right to apportion these damages, and that they made this an essential element in their verdict, and as we have said, might never have come to a result in favor of the plaintiff but for this belief.

Again, to sanction such a verdict would be to infringe upon the orderly and well-settled practice of the courts and encourage a. species of jury-room arbitrament and assessment of damages among defendants whom they wished to favor, if there should happen to be any such. The court should have instructed the jury that the apportionment of damages was beyond their province and requested them to strike it out of the verdict, and upon their refusal so to do should have arrested the judgment.

There is error in the judgment complained of.

In this opinion CARPENTER and PARDEE, Js., concurred.

LOOMIS, J. (dissenting). I think the plaintiff has a clear legal right to retain his verdict and judgment for one hundred and seventy-five dollars damages against both defendants jointly.

In Gould's Pleading, chap. 10, sec. 57, p. 522, it is said that " a verdict finding the whole issue or the substance of it, is not vitiated by finding more; for the finding of what was not in issue is but surplusage, and *utile per inutile non vitiatur.*" This proposition is well supported by the authorities. Bacon's Abr., *Verdict, N.; Bacon* v. *Callender*, 6 Mass., 303; *Halsey* v. *Woodruff*, 9 Pick., 555; *Currier* v. *Swan*, 63 Maine, 323; *Windham* v. *Williams*, 27 Miss., 313; *O'Shea* v. *Kirker*, 4 Bosw., (N. Y.) 120.

I know of no conflicting authorities, and the principle is applicable to the case at the bar, for the verdict contains every element of a valid verdict, not only in substance but in form. The issue is directly found for the plaintiff and against both defendants jointly. The damages which the plaintiff sustained are found to have been one hundred and seventy-five dollars, and the jury find for the plaintiff to recover that entire sum of both defendants with his costs.

So far the verdict was absolutely complete and perfect and the jury had no further jurisdiction. They did however append to this formal and complete verdict, in a detached paragraph, these words : " The damages assessed by the jury to be divided as follows : against James B. Tatem seventy-five dollars ; against Haskell F. Cox one hundred dollars." In so doing they transcended the limits of their duty and their jurisdiction and found " more than was involved in the issue," but under the rule above cited this part may be rejected as surplusage, and a perfect verdict will remain.

To construe the verdict as a several one against each of the defendants for the respective sums mentioned, seems to reverse the established rule by rejecting the legal part as surplusage instead of that which is illegal. All the analogies of the law forbid such a course. If, for instance, a judgment be erroneous only in part and that part be divisible, it will be reversed only as to that part. *Reynolds* v. *Reynolds*,

15 Conn., 101; *Sherwood* v. *Sherwood*, 32 Conn., 15. So also if on the whole record the law of the case is with one party, though the verdict be for the other, there may be a judgment for the former, *non obstante veredicto. Fitch* v. *Scott*, 1 Root, 352. In a criminal case where the court sentenced the prisoner to " pay a fine of thirty dollars," adding " which is to be paid to the treasury of New Haven County," it was held that the latter clause might be rejected as void, so that the judgment to pay the fine might stand in full force. *Barth* v. *The State*, 18 Conn., 442.

The rule as to verdicts ought to be and is less technical than that applicable to judgments, and requires that they be supported, if it may be done, by any reasonably liberal interpretation. *Huntington* v. *Ripley*, 1 Root, 321; *Simmons* v. *Rarden*, 9 Geo., 543; *Elkins* v. *Parkhurst*, 17 Verm., 105.

In this case manifest justice, as it appears from the entire record, requires that the verdict be sustained. Every element of the plaintiff's case, including the damages, is directly found by the jury, and this finding is in no wise impaired by the additional words, giving them the strictest construction against the plaintiff; but giving them a liberal construction with a view to support the verdict and they amount to no more than a recommendation on the part the jury for an equitable apportionment of the entire damages as between the defendants, who may not in a moral point of view have been responsible to the same extent, though the jury had just found them legally so by finding for the plaintiff to recover the entire sum of both.

In *Currier* v. *Swan*, supra, the jury rendered a verdict in regular form, in an action of tort against four persons, and appended to it an apportionment of the damages among the several defendants, and it was held that the attempted apportionment amounted only to a recommendation, and if it was intended as anything else it was mere surplusage, to be rejected as irregular and void.

I cannot believe the jury had any idea of having two separate judgments, because it is utterly inconsistent with the formal joint verdict they had deliberately agreed upon.

But the case of *Roberti* v. *Atwater*, 42 Conn., 266, is confidently relied upon as sustaining the majority opinion. In this case it seems that the defendant had a barn on the plaintiff's land and that the latter brought ejectment against him on that account. The jury found for the plaintiff to recover the possession, adding " and that the defendant have until June 1, 1875, to remove the barn." The fixing of a time in the future for the defendant's complete ejectment was not only repugnant to the body of the verdict, but virtually made it partly in favor of the plaintiff and partly for the defendant: and it suggests the idea that it was based on the belief that the defendant had a right to keep his barn on the premises until the time for removal specified, and if this was so, the verdict should have been wholly for the defendant, inasmuch as the plaintiff had no immediate right of possession.

But in the case at bar, unlike the above, the surplusage was not of a nature to indicate that the jury must have reasoned incorrectly or from false premises, and hence it should not vitiate the part which is clearly valid. *Gregory* v. *Frothingham*, 1 Nev., 256.

I think there was no error in the judgment complained of.

In this opinion PARK, C. J., concurred.