Magoohan v. Curran, Admr.

JOHN MAGOOHAN vs. THOMAS CURRAN, ADMINISTRATOR.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

It may occasionally happen that the decision of a jury should not be made known until the presiding judge decides to accept it as a legal verdict. Ordinarily, however, the better course is to have the clerk read aloud the proposed verdict when handed to him by the foreman of the jury.

The absence of the official stenographer for two or three minutes, unknown to the judge and unnoticed by counsel, does not render the intervening proceedings of the court void or erroneous.

In an action to recover $3,500, alleged to be the contract price of services rendered, the plaintiff requested the trial court to charge the jury that they might award him the reasonable value of those services, if he failed to prove the special contract. No evidence was offered as to the reasonable value of the services rendered, and the court omitted to give any instruction in reference to that subject. The jury awarded the plaintiff $160 damages. *Held* that it was questionable whether the plaintiff, under the circumstances, was entitled to the instruction asked for, but if so, he had no cause to complain of the omission, since it was apparent that the amount awarded by the jury was believed by them to be the reasonable value of his unpaid services.

It is within the discretion of a trial judge to comment upon the testimony of a witness.

**Argued January 19th—decided March 9th, 1899.**

ACTION to recover a balance of $3,500 claimed to be due for work and labor, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $160 only, and appeal by him for alleged errors in the rulings and charge of the court. *No error.*

The defendant is the administrator on the estate of Charles McKiernan, deceased. The plaintiff, in his complaint, alleges that there is due him from the estate of the said McKiernan the sum of $3,497.85, being the balance due for work and labor done by him for the said McKiernan in his lifetime.

The defendant denied that the plaintiff had ever rendered any such services, and alleged that there had been paid to the plaintiff, since the death of the intestate, the sum of $100, which the plaintiff accepted in full of all demands. This the plaintiff denied. These issues were tried to the jury, who returned a verdict for the plaintiff to recover the sum of $160 damages, and costs. The court accepted the verdict. After the verdict was accepted and before judgment thereon, the plaintiff moved in arrest of judgment, which motion the court overruled, and rendered judgment according to the terms of the verdict.

The plaintiff has appealed to this court, assigning various errors in the admission of evidence, in the charge to the jury, and in overruling his motion in arrest of judgment.

It appears by the finding that the plaintiff claimed to recover on two special contracts between himself and the said Charles McKiernan; one made on the 15th day of March, 1893, by which the deceased agreed to pay the plaintiff $25 per month for services, and that the plaintiff rendered services thereunder till the 1st day of May, 1894. The other was made October 10th, 1894, and was to pay the plaintiff $10 per week. This continued till December, 1895. His bill of particulars showed that he had received as part payment on said contracts, at one time the sum of $160 and at another the sum of $307.88. There was no allegation in the complaint of the reasonable value of the services, and the plaintiff on the trial

Magoohan *v.* Curran, Admr.

offered no evidence to show the reasonable value of the services which he claimed to have rendered.

The plaintiff asked the court to instruct the jury that if he had rendered services for the said McKiernan at his request, he was entitled to receive the reasonable value of those services although he had failed to prove the special contracts which he claimed. The court did not specifically comply with this request.

The facts upon which the motion in arrest of judgment was based, are stated as follows in the finding: The jury returned a verdict for the full amount claimed, which the court did not accept. The court said to them that he desired them to reconsider their verdict; they retired, and again returned in twenty minutes with the same verdict. . . . The court said to them: "Gentlemen of the Jury: I cannot accept this verdict. I cannot accept it because I do not think you have given due effect to the point of time when the entries in these two books were made. You may retire to your room for further consideration of the entire evidence in the case, and consider the matter further until I call you." Each of these verdicts was handed by the clerk to the judge and not read in court. They were only read by the judge and known to no one else in court. Thereafter the jury returned the verdict, as on file, which was accepted by the court. During the time the judge was addressing the jury as just above stated, the stenographer was not present, and the attention of the court was not called to his absence. Shortly after the jury had retired the judge dictated to the stenographer, repeating what he had said to the jury, and the stenographer incorporated it in his record. The plaintiff moved in arrest of judgment, alleging that the conduct of the judge in respect to the verdict was irregular and improper, and because the judge addressed the jury in the absence of the stenographer.

*Charles S. Hamilton*, for the appellant (plaintiff).

*Levi N. Blydenburgh*, with whom was *Eli Mix*, for the appellee (defendant).

ANDREWS, C. J. We think there was no error in overruling the motion in arrest. It may sometimes be necessary, or at least desirable, that the proposed verdict of a jury should be made known only to the judge, until he decides to accept it. Such instances must be governed almost entirely by the discretion of the presiding judge. We are very strongly impressed, however, with the conviction that in all ordinary civil cases it would be the better procedure for the proposed verdict, when handed by the foreman of the jury to the clerk, to be read audibly by him. In the case of *Watertown Eccl. Society's Appeal*, 46 Conn. 230, 232, the procedure observed in the taking of the verdict of the jury in a civil case is recited at length in the opinion there given. The jury being inquired of if they had agreed on a verdict, answered that they had. The foreman handed it to the clerk. The clerk read it aloud, and paused until the court had indicated that the verdict was accepted; then, calling the attention of the jury to the fact that their verdict had been accepted by the court, he again read it to them and asked them if they all agreed to it. We are informed that in most of the counties this procedure is followed. We believe this is the better form; not because another course would be erroneous, but because this course brings uniformity and affords less opportunity for unfriendly criticism.

The statute undoubtedly intends that the official stenographer shall be present at all times during the progress of a trial (except during the argument of counsel). His absence, without obtaining the consent of the court, might be a reason why he should be removed, or subjected to loss of pay. But we do not think that his absence for two or three minutes, unknown to the judge and unnoticed by counsel, would render the proceedings of the court while he was gone void or erroneous.

It is questionable whether a trial judge is bound to pay any regard to a request for a charge upon a matter for which no foundation has been laid either in the pleadings or in the evidence. However this may be, in the present case we think the plaintiff has no ground for complaint because the judge

did not comply with his request for a charge respecting the reasonable value of his services. The jury must have found the special contracts not to be proved, otherwise their verdict would have been far different from the one given; while the verdict in fact rendered can be sustained only on the ground that the jury believed the amount they had named to be the reasonable value of the plaintiff's services, over and above the sums he had already been paid.

The comments of the judge upon the testimony of the witness Halpin were entirely within his discretion. "A judge has always a right to express his opinion as to the weight as well as to the relevancy of any testimony, and it is often highly desirable that he should do so." *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 13. The other assignments do not show any ground of error.

There is no error.

In this opinion the other judges concurred.