SALVATORE LENTINE, P. P. A. *vs.* ARTHUR V. McAVOY.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

Before the trial judge, acting under § 5788 of the General Statutes, returns the jury to a second or a third consideration of the case, it is ordinarily the better practice to allow the clerk to read the verdict orally as it is handed to him by the foreman; but a refusal to permit this is not reversible error.

A motion in arrest of judgment based upon an offer to prove by the jurors in the case that, in rendering a verdict which they were required by the trial judge to reconsider, none of them had mistaken the evidence or the charge, is contrary to practice and sound principle.

In making an arrest, a police officer may use no more force than is reasonably necessary to its accomplishment.

A defendant is liable for injuries resulting from an unintentional or accidental trespass to the person, if it is the direct and immediate consequence of a force exerted by him wantonly or without the exercise of reasonable care.

An assault and battery is wilful or malicious when committed intentionally, i.e., with a design to injure, either actually entertained, or to be implied from the circumstances; it is wanton when it is of such a character as to evince a reckless disregard of consequences.

The occurrences immediately preceding and following an assault and battery, including the declarations of the defendant before, at and after the event, are admissible to prove the fact that it was committed and its character.

The trial court in its charge to the jury should apply its legal definitions to the facts claimed to have been proved.

A doctor's testimony as to the amount and date of a payment made by a patient, is inadmissible when based upon information given him by his nurse.

The intent with which the defendant police officer wielded his club in such a manner as to strike the plaintiff was a fact, and his testimony concerning it was admissible to be weighed with all the surrounding circumstances.

While cases may arise in which the ultimate and precise question upon which the jury are to pass is so purely technical that an expert may be allowed to give his opinion upon it, the question asked of the officer in the present case as to whether

Lentine *v.* McAvoy.

in his opinion he used more force than was necessary to repel
the attack upon him, was properly excluded.

Argued October 26th, 1926—decided January 28th, 1927.

ACTION to recover damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the plaintiff for $200, and appeal by the defendant. *Error and new trial ordered.*

*Franklin Coeller,* for the appellant (defendant).

*Harry L. Edlin,* with whom, on the brief, was *Rocco Ierardi,* for the appellee (plaintiff).

WHEELER, C. J.   The plaintiff seeks to recover damages against the defendant, a policeman of New Haven, for a wanton and malicious battery committed upon the plaintiff.   He offered evidence tending to prove that the battery occurred without provocation on his part and immediately after the battery he was placed by defendant under arrest.

The defendant officer offered evidence tending to prove that plaintiff remonstrated with him as to the performance of his duty, that as a consequence a crowd gathered; that the plaintiff, who remained on the outskirts of the crowd, made faces at the officer and uttered discordant sounds, whereupon defendant started through the crowd to arrest him, but before reaching him, others present intercepted his passage and struck him in the face, and, while he was passing through the crowd, in bringing his club down, which he was carrying in front of his body, the club came in contact with plaintiff's nose, resulting in the injuries for which he sues, and that defendant used no more

force than was reasonably necessary in arresting the plaintiff and that he was justified in the arrest.

No error was made by the trial court in requiring the jury to reconsider the case before the court accepted the verdict. Under General Statutes, § 5788, the court had the right to return the jury to a second and then a third consideration, if in its judgment it was of the opinion it had mistaken the evidence, or brought in a verdict contrary to the direction of the court in a matter of law. Its course in this instance was within this statute. In refusing to permit the clerk to orally read the verdict when handed him by the foreman, the court failed to follow the better procedure in ordinary cases, of which this was one; this was not, however, a reversible error. *Magoohan* v. *Curran,* 71 Conn. 551, 42 Atl. 656. Upon the hearing upon the motion in arrest of judgment, counsel for the appellant offered to prove by the jurors that none of the jurors had mistaken the evidence, or failed to understand it and the judge's charge, and to weigh it and apply the principles announced in the charge to the evidence. The offer was contrary to our practice, and opposed to sound principle and adjudicated cases. The motion was wholly without merit and should not have been made.

Defendant's request to charge, that a police officer when engaged in arresting one has the right to subdue him or anyone interfering with him in making the arrest, required the qualification made by the trial court that the force used must be no more than was reasonably necessary in effecting the arrest. The request that if the jury found that the defendant did not intend to strike or injure the plaintiff when he swung his club he could not recover, was in conflict with our rule that an unintentional trespass to the person, or assault and battery, if it be the direct and immediate

consequence of a force exerted by the defendant wantonly, or imposed without the exercise by him of due care, would make him liable for resulting injury. *Welch* v. *Durand,* 36 Conn. 182, 185. The request that if the jury found the plaintiff was accidentally struck by defendant he could not recover, should have been given with the qualification,—unless the striking was done through the defendant's failure to exercise due care. *Morris* v. *Platt,* 32 Conn. 75, 84.

Error is assigned in the court's instruction that if the jury found the assault was committed maliciously and wantonly, they might assess exemplary damages, and that a wanton and malicious assault was one committed "in a reckless disregard for the rights of others or heedless of the necessary result of the act complained of." A wilful or malicious assault and battery is one committed intentionally; a wanton assault and battery is one done under such circumstances "as to evince a reckless disregard of consequences." *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 56, 115 Atl. 677. The "characteristic element [in the wilful or malicious injury] is the design to injure, either actually entertained or to be implied from the conduct and circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 507, 77 Atl. 950. The court permitted the jury to assess exemplary damages if they found the battery to be a wanton one, and correctly defined this. The court did not instruct the jury as to the wilful and malicious assault and battery for which exemplary damages might be assessed. Of this omission the defendant cannot complain, since its omission was to his advantage. The instruction complained of, that the jury should determine the character of the assault and battery from a consideration of the occurrences immediately before and after the arrest, accorded with our law. These circumstances were admissible to prove the

making of the assault and battery as well as its character. For this purpose the declarations of the defendant before, at, or after the assault and battery were admissible. *Bartram* v. *Stone,* 31 Conn. 159.

The court correctly instructed the jury as to what would constitute a breach of the peace, but did not apply its definition to the facts claimed to have been proved by the defendant. Requests four and five should have been given with the qualification added, that the force to be used by an officer in making an arrest must be not necessary, but reasonably necessary, under the circumstances.

Two rulings on evidence were incorrect. Dr. Giamarino had no knowledge as to the amount paid him by plaintiff, or the date of payment, but was permitted, over defendant's objection, to testify as to these facts from information given him by a nurse employed by him. The objection that the evidence was hearsay and that the books were the best evidence, was well taken. The defendant having testified as to the manner in which he brought his club down when it struck plaintiff, was inquired of on his redirect examination, "What was your intent when you brought that down?" The question was excluded and defendant excepted to the ruling. The intention of defendant was a fact; as such it was admissible to be weighed with the circumstances surrounding the assault and battery. *State* v. *Ferguson,* 71 Conn. 227, 41 Atl. 769; *Fox* v. *Shanley,* 94 Conn. 350, 362, 109 Atl. 249; *McDermott* v. *McDermott,* 97 Conn. 31, 35, 115 Atl. 638; *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 163, 90 Atl. 228. The court correctly ruled that the defendant officer could not testify whether or not in his opinion he used any more force in repelling the attack upon him than was necessary. The test was not the officer's opinion, nor whether the

force used was more than necessary, but whether the force used was reasonably necessary under the circumstances surrounding its use.

The precise question arose in *Zube* v. *Weber,* 67 Mich. 52, 34 N. W. 264, which was an action for damages for assault and battery and false imprisonment against two police officers. Defendants' witnesses were permitted to answer the question, "State whether or not any more force was used, than was necessary, in taking them out of the ditch." The court held this error, saying: "This was one of the questions to be passed upon by the jury. The witnesses should have been allowed to state the facts, and not to assume the province of the jury." Upon a like reason, we refused to permit an expert to weigh all of the facts in evidence and then to express his opinion as to the origin of a fire. *St. George Pulp & Paper Co.* v. *Southern N. E. Telephone Co.,* 91 Conn. 563, 570, 100 Atl. 358. We were of course careful to state that cases may arise in which the ultimate and precise question upon which the jury are to pass is so purely technical that an expert opinion thereon may be given.

There is error and a new trial is ordered.

In this opinion the other judges concurred.