## Paul B. Dorfman *vs.* The Martin and Crawford Motor Company, Inc.

Third Judicial District, New Haven, January Term, 1927.

Wheeler, C. J., Maltbie, Haines, Hinman and Wolfe, Js.

The trial judge should not accept a verdict so defective that a judgment cannot be rendered upon it; and if accepted, it should be set aside.

If the action of the trial court in setting aside a verdict was correct, it will be sustained upon appeal, although placed upon the wrong ground.

Argued January 27th—decided March 5th, 1927.

Action for damages for breach of contract, brought to the District Court of Waterbury and tried to the jury before *Beardsley, J.;* verdict for the defendant which the trial court set aside, and from this decision the defendant appealed. *No error.*

*Michael V. Blansfield,* for the appellant (defendant).

*Herman J. Weisman,* for the appellee (plaintiff).

Per Curiam. The plaintiff charges, in effect, breach of contract, and the defendant, by counterclaim, does likewise. All the issues were submitted to the jury and the following verdict was returned and accepted by the court:

"In this case the jury finds the issues for the defendant and therefore find the defendant."

This verdict was incomplete. One of the issues was the amount of the damages and the question was not answered by the jury. The court should not have accepted the verdict in that form, but should have returned the jury for the decision of this issue. The verdict as rendered would not support a judgment,

and upon motion should have been set aside for that reason. *Smith* v. *Raymond,* 1 Day, 189; *Pettibone* v. *Gozzard,* 2 Root, 254; *Day* v. *Webb,* 28 Conn. 138, 143. The action of the trial court in setting aside the verdict, though placed upon a wrong ground, will not be disturbed when the verdict should have been set aside upon another ground. *Fitch* v. *Hartford,* 92 Conn. 365, 367, 102 Atl. 768.

There is no error.