SIDNEY E. CLARK ET AL. v. WALTER A. SHAW ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and BORDON, Js.

Argued December 6, 1955—decided January 10, 1956

*John Keogh, Jr.,* with whom, on the brief, was *Alfred W. Burkhart,* for the appellants (plaintiffs).

*Maurice J. Buckley,* for the appellee (defendant Hattie M. Shaw).

DALY, J. This action was brought by three persons joining as parties plaintiff. General Statutes § 7824. Each sought to recover for injuries alleged to have been caused by the negligence of the defendant Walter A. Shaw in operating a motor vehicle owned by his mother, the defendant Hattie M. Shaw. The jury returned three verdicts, one for each of the plaintiffs. A motion "to set aside the verdict" was granted.

Since the trial court and the plaintiffs have treated it as a motion to set the verdicts aside as to the defendant Hattie M. Shaw, we deal with it as such. The plaintiffs appealed and subsequently filed a partial withdrawal of appeal in accordance with the provisions of § 388 of the Practice Book, withdrawing so much of the appeal as made a finding necessary.

The defendant Hattie M. Shaw requested that an interrogatory be submitted to the jury as follows: "1. Did Walter A. Shaw have authority to drive Hattie Shaw's automobile without first asking her permission to drive it?" The plaintiffs objected to the form of the interrogatory, claiming that it was not broad enough in its scope to cover the issues in the case fully. It was submitted and the answer given was No. The plaintiffs maintain that the jury might well have concluded that the family car doctrine was applicable and that the defendant Walter A. Shaw had general authority to use the automobile, even if this did not include the authority to drive it. They contend that the court erred in setting aside the verdicts as to the defendant Hattie M. Shaw on the grounds stated in its memorandum, namely, that the "jury's response to the interrogatory was in accordance with the evidence and negatived the possible application of the family car doctrine" and that there "was no basis in the evidence to support a finding of agency."

In the caption of each of the three verdicts a particular plaintiff and both defendants were named. In the body of one it was stated that the jury "finds the issues for the plaintiff as against the defendant, and therefore finds for the plaintiff, to recover of the defendant" the amount of damages awarded therein. That verdict also recited that the jury "further finds the issues for the defendant." In the

body of each of the other two verdicts it was stated that the jury "finds the issues for the plaintiff and therefore finds for the plaintiff to recover of the defendant" the amount of damages awarded therein. One of the issues submitted to the jury was whether the defendant Hattie M. Shaw was liable. In finding the issues for one of the plaintiffs as against the "defendant" and in finding for each plaintiff to recover of the "defendant," the jury did not, by the verdicts, determine which one of the two defendants was liable. The verdicts were plainly defective in that they failed to dispose of this issue. *Greco* v. *Keenan,* 115 Conn. 704, 161 A. 100. As this question was not answered by the jury, the court should not have accepted the verdicts; it should have returned the jury for the decision of this issue. The verdicts as rendered would not support a judgment and upon motion should have been set aside for that reason. *Dorfman* v. *Martin & Crawford Motor Co.,* 105 Conn. 774, 136 A. 565. We can sustain a right decision although it may have been placed on a wrong ground. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 476, 52 A.2d 436. The court properly granted the motion of the defendant Hattie M. Shaw, and that being so, it is not necessary to consider whether the court was right in placing its ruling upon the grounds stated in its memorandum. *Greco* v. *Keenan,* supra, 705; Maltbie, Conn. App. Proc., § 18.

There is no error.

In this opinion the other judges concurred.