HAROLD W. FERRIS v. HOTEL PICK ARMS, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued November 4—decided December 23, 1959

*David M. Wise,* with whom was *Robert B. Wise,* for the appellant-appellee (plaintiff).

*William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellants-appellees (named defendant et al.).

*George N. Foster,* with whom was *David J. Sullivan, Jr.,* for the appellants-appellees (defendants Masi).

BALDWIN, C. J. The plaintiff brought this action to recover damages for injuries alleged to have been caused by the negligence of the defendants, Hotel Pick Arms, Inc., Lebis Hotel Management Corporation, Angelo Masi, and Joseph E. Masi. The defendants filed answers denying any negligence and alleging, in special defenses, the contributory negligence of the plaintiff. This he, in turn, denied. He claimed to have sustained serious injuries when he was delivering oil to a hotel and slipped and fell on some refuse which the defendants Masi had left when they were removing garbage and trash from the hotel premises. The case was tried to a jury, which returned two separate writings or forms of verdict. In one, they found the issues for the plaintiff as against the defendants Masi and awarded $7500 in damages; the issues were found in favor of the defendant hotel corporations. In the other, the jury found the issues for the plaintiff as against the defendant hotel corporations and awarded $7500 in damages; the issues were found in favor of the defendants Masi. The court ordered both forms accepted and recorded and discharged the jury. The defendants filed timely motions to set aside the verdict. The hotel corporations also filed a motion for judgment non obstante veredicto. Six days after the jury were discharged, the plaintiff filed a motion to summon and reassemble the jury and, or in the alternative, to correct the verdict. The court denied all these motions, judgment was entered, and all parties have appealed.

The verdict of a jury must contain an intelligible finding so that its meaning can be clearly ascertained. *Kilduff* v. *Kalinowski,* 136 Conn. 405, 409, 71 A.2d 593, and cases cited. The two forms which constituted the jury's verdict here were, in effect,

two separate and inconsistent verdicts. They render the jury's decision unintelligible and incapable of supporting a judgment. *Clark* v. *Shaw,* 143 Conn. 114, 117, 119 A.2d 912; *Dorfman* v. *Martin & Crawford Motor Co.,* 105 Conn. 774, 136 A. 565; *Day* v. *Webb,* 28 Conn. 140, 145; *Smith* v. *Raymond,* 1 Day 189, 192; see *Potter* v. *Hiscox,* 30 Conn. 508, 519. If the two forms of verdict represent an attempt by the jury to apportion the damages between the defendant hotel corporations on the one hand and the defendants Masi on the other, as joint tort-feasors, the verdict is invalid for that reason. *Whitaker* v. *Tatem,* 48 Conn. 520, 521; *Sparrow* v. *Bromage,* 83 Conn. 27, 28, 74 A. 1070.

The procedure which has been followed in our courts for many years for receiving, accepting and recording a verdict is outlined in *Watertown Ecclesiastical Society's Appeal,* 46 Conn. 230, 232. See *Magoohan* v. *Curran,* 71 Conn. 551, 554, 42 A. 656; *State* v. *DiPietro,* 120 Conn. 537, 538, 181 A. 716. It was substantially followed in the instant case. Under this procedure, the final assent of the jurors, given after the verdict has been read aloud by the clerk, accepted and ordered recorded by the court, and read aloud a second time by the clerk, makes the verdict. *Watertown Ecclesiastical Society's Appeal,* supra, 233; *State* v. *DiPietro,* supra, 539. Ample opportunity is thus afforded, and designedly so, for the court, counsel, and the jurors to comprehend the verdict and to cure any misunderstanding before the final assent. In the present case, the court, after colloquy between it and counsel, addressed the jury as follows: "[I]n this case you find $7500 against the Hotel Pick Arms, Incorporated, and Lebis Hotel Management Corporation and $7500 against Angelo Masi and Eugene Masi. Does that

mean one is $7500 or two?" To this the foreman of the jury replied, "Two." The inquiry and answer resolved nothing. The court, before accepting the verdict and ordering it to be recorded, should have directed the jury, with appropriate instructions, to retire and reconsider their verdict. General Statutes, § 52-223; *Wells* v. *Active Automobile Exchange, Inc.,* 99 Conn. 523, 529, 121 A. 883; *Lentine* v. *McAvoy,* 105 Conn. 528, 530, 136 A. 76; *King* v. *Haynes,* 114 Conn. 396, 397, 158 A. 915; *State* v. *DiPietro,* supra; *Rosenblatt* v. *Berman,* 143 Conn. 31, 38, 119 A.2d 118; *Clark* v. *Shaw,* supra. The motions to set aside the verdict should have been granted. The error assigned in the ruling of the court on the motion of the defendant hotel corporations for judgment non obstante veredicto was not pursued in brief or oral argument and we consider it abandoned.

The court properly denied the plaintiff's motion to reassemble the jury and, or in the alternative, to correct the verdict. Each of the two writings returned by the jury as their verdict constituted a complete verdict. Together they are inconsistent and cannot be reconciled. Whether the jury intended to apportion the liability for damages among the defendants or incorrectly filled in the forms of verdict is a matter of pure speculation. The plaintiff urges on us what he calls the liberal rule of interpretation, expressed in the dissenting opinion in *Whitaker* v. *Tatem,* 48 Conn. 520, 523. We have sustained verdicts where they were incorrect as to form or contained irrelevant material but clearly manifested the intent of the jury. *Kilduff* v. *Kalinowski,* 136 Conn. 405, 409, 71 A.2d 593; *Oneker* v. *Liggett Drug Co.,* 124 Conn. 83, 87, 197 A. 887; *Watertown Ecclesiastical Society's Appeal,* supra;

but see *Roberti* v. *Atwater,* 42 Conn. 266, 270. Here, what the jury intended by their verdict is not at all clear. The verdict having been accepted and recorded and the jury discharged, the jurors could not be reassembled for a further consideration of the case or be summoned and questioned concerning their verdict. *Lentine* v. *McAvoy,* supra; *Valentine* v. *Pollak,* 95 Conn. 556, 558, 111 A. 869; *Meade* v. *Smith,* 16 Conn. 346, 356.

There is error, the judgment is set aside and the case is remanded with direction to grant the motions to set the verdict aside.

In this opinion the other judges concurred.