RICHARD BLUE ET AL. *v.* SHIRLEY ANN BOROUGHF
(4962)

BORDEN, SPALLONE and BIELUCH, Js.

214

Submitted on briefs February 2—decision released June 9, 1987

*Jeffrey D. Ginzberg* and *Arnold M. Potash* filed a brief for the appellant (defendant).

*Robert P. Hanahan* filed a brief for the appellees (plaintiffs).

BIELUCH, J. The defendant appeals from the trial court's judgment rendered for the plaintiffs in this action for tortious interference with a real estate contract. The defendant submits the following two claims for our consideration: (1) whether the trial court erred in concluding that the defendant must indemnify the plaintiffs in the amount of $937 for damages which they agreed to pay by stipulated judgment in a prior related action; and (2) whether the trial court erred in admitting evidence of condominium carrying costs as proof of the amount of damages where the plaintiffs were unavailable as witnesses. We find no error.

The following is a summary of the facts as found by the trial court. In October, 1983, the plaintiffs entered into a written agreement for the sale of their condominium to Janice Guglielmetti for $68,000, said transfer to close on December 31, 1983. The agreement

provided that the plaintiffs could continue to market the condominium unit in the meantime, but if they received a better purchase offer, Guglielmetti would have a right of first refusal at the greater price. Such right had to be exercised "within 72 hours of notification of any competing offer."

On December 3, 1983, the defendant offered to purchase the condominium for $70,000. The purchase and sale agreement, drafted by the defendant's attorney, expressly provided that it was subject to the right of first refusal held by Guglielmetti. Upon the acceptance of this purchase offer, the defendant obtained oral permission to occupy the then vacant unit, again subject to Guglielmetti's right of first refusal. The defendant agreed to vacate the premises in the event Guglielmetti agreed to purchase the unit at the defendant's price. The defendant moved into the condominium. Within the time limited, Guglielmetti matched the defendant's proposal. Guglielmetti's offer was accepted and a closing date set. The defendant, however, refused to vacate as agreed and continued her occupancy beyond the scheduled closing. She was subsequently evicted after a summary process action instituted by the plaintiffs.

Guglielmetti was unable to obtain occupancy until July 21, 1984, because of the defendant's refusal to vacate the premises as agreed by her with the plaintiffs. Because of the plaintiffs' postponement of the transfer and occupancy caused by the defendant, Guglielmetti sued the plaintiffs for resulting damages. That litigation resulted in a stipulated judgment for Guglielmetti to recover damages in the amount of $3222.

The plaintiffs sued the defendant in this action for tortious interference with a contract, seeking compensation for damages incurred as a result of the defendant's wrongful refusal to vacate the condominium. The

case was tried to the court and judgment was rendered for the plaintiffs in the amount of $3917.

The defendant's first claim is that the trial court erred in concluding that she was legally bound to indemnify the plaintiffs for damages of $937 which they undertook to pay by stipulated judgment in the suit brought by Guglielmetti.[1] The basis of her claim is that she was not afforded an opportunity to participate in the action settled between Guglielmetti and the plaintiffs, thereby discharging any obligation to indemnify the plaintiffs. See *Fairfield* v. *D'Addario,* 149 Conn. 358, 362–63, 179 A.2d 826 (1962). The defendant's claim of error misconstrues the nature of the plaintiffs' action. Their claim was for tortious interference with a contract. The damages sought by the plaintiffs were based on the expenses they incurred as a consequence of the defendant's tortious conduct. See footnote 1, supra. From the pleadings here, it is clear that the principle of indemnification was never presented to the trial court and its judgment was not founded upon that basis. As we have previously stated, we decide appeals on the theories as presented to and decided by the lower court. See Practice Book § 4000; *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 36 n.5, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). The basis of the defendant's first claim of error has no legal relevancy to an action for tortious interference with a contract. We need not, therefore, review this claim further.

The defendant's second claim is that the trial court erred in admitting into evidence, over the defendant's

---

[1] The stipulated judgment in Guglielmetti's action against the plaintiffs was in the amount of $3222. Of this amount, the trial court assessed as damages against the defendant only the following items thereof: (1) the plaintiffs' expenditure for child care expenses incurred by Guglielmetti in the amount of $320; and (2) the plaintiffs' expenditure for moving and storing expenses paid to Guglielmetti in the amount of $617.

objection, the testimony of the plaintiffs' attorney as to the amount of carrying charges incurred on account of the delayed closing caused by the defendant's refusal to vacate the unit by the agreed date. The defendant characterizes this testimony as inadmissible hearsay, alleging that the lawyer's knowledge could not have been obtained without talking to the plaintiffs. We find this argument unpersuasive.

From the record, it is apparent that the amounts testified to by the plaintiffs' counsel were not based upon the out of court statements of a third party. See *State* v. *Packard,* 184 Conn. 258, 274, 439 A.2d 983 (1981) (defining hearsay evidence). To the contrary, it is clear that his testimony was based upon his own knowledge of such costs as the agent responsible for the management and sale of the plaintiffs' condominium after the plaintiffs moved to California. The carrying costs incurred by the plaintiffs were paid by the witness from his trustee account. His testimony, therefore, was not based upon the statements of a third party, but rather upon his own direct knowledge of such costs paid by him from his checking account. Cf. *Lentine* v. *McAvoy,* 105 Conn. 528, 532, 136 A. 76 (1927) (doctor's testimony as to amount and date of patient's payment was inadmissible hearsay where he had no direct knowledge of the payment). The trial court, therefore, did not err in admitting his testimony.

There is no error.

In this opinion the other judges concurred.