[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
POST VERDICT MOTIONS
This action is predicated on § 52-572h entitled "Negligence actions, Doctrine applicable, Liability of multiple tortfeasors for damages."
Section 52-572h(b) mandates in part:
 "In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person . . . to recover damages resulting from personal injury . . . or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought. . ."
The plaintiff sought to recover damages having "suffered a permanent loss of value" to her property. The plaintiff named one defendant in her complaint as the "person or persons against recovery is sought." CT Page 10456
The first verdict returned by the jury on September 14, 1994 (122 in the file) indicated the plaintiff was found to be 31% contributorily negligent, and entitled to $37,750 in damages. ($54,716 x 31% = $16,961. $37,750 + $16,961 = $54,716). That jury verdict was enumerated to be "$16,961 dollars damages in favor of the plaintiff, Loraine Mallinson against defendant, Jay I. Black."
The following interrogatory was sent to the jury.
 "Do you find that the negligence of the plaintiff, if any, is 31% as indicated on your verdict or do you find as indicated by your award of $16,961 dollars damages that the negligence of the plaintiff, if any, is 69%.
The jury responded:
 "No, we found Jay Black negligent. We awarded plaintiff 31% of the $54,716.
 We found others contributed therefore our award to plaintiff was only $16,961. Which equals the 31%."
The jury added the following to the document quoted above:
 "Your honor, the form is phrased as either (or?) 100% or not. We cannot ascribe 69% to defendant because we don't feel he is entirely at fault" (word in parenthesis above questionable).
The jury was instructed again on the comparative negligence theory using the standard example of fair just and reasonable damages of $100.00 and a finding of 30% contributory negligence resulting in a $70.00 verdict. The jury was instructed again that if they found the contributory negligence of plaintiff to be "more than fifty percent, you must return a defendant's verdict."
A second jury verdict was submitted to the jury and returned (121 in the file) with a finding
 "2. Percentage of the plaintiff's Loraine Mallinson's negligence, if any, 69%." CT Page 10457
The plaintiff moved that the jury be polled. Each of the six jurors affirmed that 69% was their unanimous finding.
Defendant moved for a directed verdict citing § 52-572b(b) and a finding by the jury that plaintiff's negligence was as stated in the second verdict returned, i.e. 69%. In view of this polling and the unanimous verdict by the jury of 69% contributory negligence the jury was not ordered to return for a third reconsideration.
Upon motion, the court directed a verdict for the defendant that was accepted and ordered recorded.
Plaintiff filed timely motions (1) To Set Aside Verdict (124 in file) and (2) Motion For New Trial (125 in file).
These motions were assigned and heard on September 26, 1994. The defendant filed his motion in opposition to plaintiff's Motion to Set Aside the Verdict, Motion For a New Trial, his own Motion in Limine, and objection to plaintiff's motions on September 26, 1994.
The jury foreperson called plaintiff's attorney. An unsolicited ex parte conversation was conducted. This conversation is the predicate for plaintiff's post verdict motions. Defendant's motion in limine addresses this attempt to vary, explain and contradict the jury's unanimous finding that plaintiff hereof was 69% negligent.
DEFENDANT'S MOTION IN LIMINE
This motion sought a court order "to preclude the plaintiff from offering testimony from any juror before whom the above-captioned matter was tried."
Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370,378 (1984) holds that:
 "A jury verdict may not be impeached by an affidavit of a juror showing "that he misunderstood the instructions of the court." . . . . "It follows, therefore, that the verdict also may not be impeached by an unsworn and uncorroborated statement offered by a party to the action."
This case is easily distinguished from Enquire since the juror CT Page 10458 was present in court for the hearing, sworn, and available for cross examination.
Notwithstanding those reasons but to allow plaintiff to place her claims on the record and preserve the testimony of the jury foreperson the motion in limine was denied.
MOTION TO SET ASIDE VERDICT AND MOTION FOR A NEW TRIAL
Both motions are predicated on the same basic claims of law and are treated herein accordingly.
In order to determine whether a verdict should be set aside the evidential underpinning of the verdict must be examined.
The pleadings control the issues to be presented to the jury. In this case the plaintiff property owner sought recovery against the named defendant. The first jury verdict returned was not based on the "evidential underpinnings" presented in accordance with the pleadings. The net effect of that verdict is to ignore the pleadings and find fault, negligence or legal responsibility on the part of persons against whom recovery was not sought. The pleadings did not claim recovery from anyone except the one named defendant. Defendant did not move to cite in additional defendants. Proper procedure where damages are claimed to be proximately caused by the negligence of more than one party are covered by § 52-572h(c).
There are no evidential underpinnings to compel the conclusion that the jury were influenced by misconduct, partiality, prejudice, corruption or extraneous influences.
It is the position of the plaintiff that the jury made a mistake. The defendant's position is that post verdict ex parte statements and subsequent testimony of the foreperson are tainted and cannot be used to vary, explain or contradict the factual findings of the jury.
All six jurors assented individually and unanimously in open court to the finding that they found plaintiff to be 69% contributorily negligent. There are no evidential underpinnings showing any matter occurring during the trial or in the jury room, which do not inhere in the unanimous finding that the plaintiff herself was found to be 69% contributorily negligent. In view of this clear, precise and unequivocal finding by all six jurors, that CT Page 10459 that finding was their individual and unanimous finding, the court next ordered, on motion by defendant that the jury return a directed motion for the defendant.
The court must sustain the clearly manifested intent of the jury. Ferris v. Hotel Pick Arms, 147 Conn. 72, 75 (1959);Josephson v. Meyers, 180 Conn. 302, 309 (1980).
The Motion To Set Aside Verdict (124) and Motion For New Trial (125) are denied.
John N. Reynolds State Trial Referee