State *v.* Ferguson.

THE STATE *vs.* ANDREW J. FERGUSON.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

One accused of an assault with intent to kill may testify for what pur-
pose he carried a loaded pistol, but is not aggrieved if the trial
court sees fit to exclude a hypothetical question as to what he in-
tended or would have intended to do to the complainant if he had
met him under certain circumstances; especially as it did not ap-
pear from the record that the contingency suggested ever came to
pass, and the jury found him guilty of a simple assault only.

Upon the cross-examination of the complainant, a witness for the State,
the accused claimed the right to inquire as to his intimacy and rela-
tions with the latter's wife prior to the day of the assault, but the
court excluded the inquiry.   *Held* that if the accused had this right,
he could not exercise it upon the cross-examination of the State's
witnesses, if the inquiries were irrelevant to their testimony in chief.

The nature and extent of a cross-examination for the purpose of affect-
ing the credibility of a witness, is largely within the discretion of
the trial court.

The admission of a witness that he has committed adultery, may tend
to impeach his credit, but, if denied by him, the trial court is not
bound to try that charge for the purpose of affecting his credi
bility.

Having offered the testimony of respectable citizens as to the defend
ant's peaceable, law-abiding character, his counsel asked the defend-
ant if he had ever been engaged in a quarrel or in any kind of
trouble.   Upon objection by the State this question was excluded.
*Held* that this ruling was correct, and that the latitude allowed the
accused in proving his peaceable character afforded him no ground
of complaint.

Submitted on briefs Oct. 25th—decided Nov. 29th, 1898.

INFORMATION for an assault with intent to murder, brought
originally to the City Court of Derby, by which the accused
was bound over for trial to the Superior Court in New Haven
County, and there tried to the jury before *Roraback, J.;* ver-
dict and judgment of guilty of a simple assault, and appeal
by the accused for alleged errors in the rulings of the court.
*No error.*

The defendant and his wife had been acquainted with Tied-

well, the complainant, for some months before the assault charged.    There had been some talk of undue intimacy between Tiedwell and Mrs. Ferguson, but no quarrel between him and the defendant.    All were colored.    On the day of the assault, about 8 or 9 o'clock in the evening, Tiedwell met Mrs. Ferguson on the street and they walked together.    They were met by the defendant, who had followed his wife, carrying with him a loaded revolver.    After some words between the defendant and Tiedwell, the defendant aimed his revolver at Tiedwell's face and snapped it, the cartridge however failing to explode ; then using the revolver as a weapon he struck Tiedwell upon the face and head.    The wife ran away and the defendant followed her.    Tiedwell sought a policeman and made complaint of the assault.    Later in the evening Tiedwell met the defendant walking with his wife.    They became at once involved in a struggle, in which the defendant used his revolver as a weapon and Tiedwell cut the defendant with a razor.    After the cutting Tiedwell ran and the defendant fired at him three times ; one bullet passed through Tiedwell's cuffs and another wounded him in the back.

The information contained two counts.    The first count was based on the first assault and charged an assault with intent to kill.    The second count was based on the second assault and charged an assault with intent to kill and an actual wounding with intent to kill.    On the first count the jury found the defendant not guilty of an assault with intent to kill, but guilty of a simple assault.    On the second count they found the defendant not guilty.

Upon the trial the defendant testified that on the evening of the assault, when he left his house he took a loaded revolver and put it in his pocket ; he was then asked : —

" Q. Why did you take it with you at this time ?    A. Simply for protection.    Q. Protection from what ?    A. I knew I was going on a dangerous errand.    Q. What was that errand you were going on ?    A. To see if my wife intended to meet this man, Tiedwell.    Q. What was your purpose in doing that ?    A. Well, I had heard those rumors about his meeting

her at different places, and I wanted to verify it; to see if it was true. Q. What then was your purpose or intention as you left the house? A. To simply follow them and see what was going on; to see if she intended to meet him. Q. If you found that she did, and had met him, was it then your purpose to do any harm or injury to Tiedwell?" This question was objected to by the attorney for the State and the objection sustained, the defendant duly excepting.

Tiedwell was called as a witness for the State on the presentation of its case, and upon cross-examination testified as follows:—

"Q. What time in the day did you meet her (Mrs. Ferguson) upon the day of the shooting? A. About half past eight, I guess it was; about eight or quarter past eight. Q. In the evening? A. Yes, sir. Q. Where did you first meet her at that time? A. On Main street. Q. In Derby? A. Yes, sir. Q. What part of Main street? A. Well, right in front of Elizabeth street, I think they call it, where the cars turn to go to Ansonia."

Later on in the cross-examination the witness testified as follows:—

"Q. Upon that day in question, Mr. Tiedwell, did you meet Mrs. Ferguson by appointment with her? A. On that day? Q. Yes? A. No, sir. Q. Had you seen her before upon that day? A. Why yes, I saw her before that. Q. Upon the same day? A. Yes, sir. Q. Where."

The attorney for the State objected to the last question, because it was stated by the attorney for the defendant to be the beginning of a line of cross-examination as to previous relations between the said Tiedwell and Mrs. Ferguson. The attorney for the defendant claimed this question for the purpose of affecting and showing Tiedwell's bias, his hostility and his credibility, and for the purpose of showing that the witness had been criminally intimate with Mrs. Ferguson for a period of several months; that they had met on previous occasions by appointment and that this occasion was one of the appointed times. The defendant's counsel also claimed that proof of criminal relations between the witness and Mrs

Ferguson, to which the question asked was merely prelimi-
nary, would tend to explain the defendant's conduct, and to
corroborate his claim that he did not follow Tiedwell for the
purpose of injuring him, and had no malice towards Tiedwell,
and that it would show how the encounter began and the rea-
sons for it.

Upon the direct examination of Tiedwell no reference or
statement was made by him as to seeing or knowing Mrs.
Ferguson prior to the time when he saw her on the street on
the night of the assault.  The court excluded the question
for the reason that such a line of inquiry was not proper cross-
examination.  The defendant testified that he had not any
reason to suspect and did not believe that his wife and Tied-
well had been guilty of illegal intercourse.

The defendant offered testimony of respectable citizens as
to his good character as a peaceable and law-abiding citizen.
The State called no witnesses upon the subject.  The defend-
ant testified that he was a member of the Zion Church, presi-
dent of the Christian Endeavor Society, teacher in the Sunday
School, and that he had never been arrested before in his life.
Whereupon the following question was asked by his counsel:
" Have you ever been engaged in any kind of quarrels or
trouble of any kind?"  Objected to.  Claimed as showing
the character of the man.  Excluded by the court, the de-
fendant duly excepting.  The defendant was then asked:
" Ever had any quarrels before this with anybody?"  Ob-
jected to.  Objection sustained, to which ruling the defend-
ant duly excepted.

The appeal assigns the following reasons: 1. Error in
excluding the question asked of the defendant: " If you
found that she did and had met him, was it then your pur-
pose to do any injury or any harm to Tiedwell?"  2. Error
in refusing the defendant the right to inquire of Tiedwell on
cross-examination as to whether he had met and been with
Mrs. Ferguson on the day of the assault, before it took
place, and as to when and where they had met; and in re-
fusing to permit the defendant to inquire of Tiedwell on
cross-examination as to his intimacy and relations with Mrs.

Ferguson prior to the day of the assault. 3. Error in excluding the following questions put to the defendant: " Have you ever been engaged in any kind of quarrels or trouble of any kind? Ever had any quarrels before this with anybody?"

*V. Munger,* for the appellant (the accused).

*William H. Williams,* State's Attorney, and *Alfred N. Wheeler,* Assistant State's Attorney, for the appellee (the State).

HAMERSLEY, J. *First.* Intent to kill was an essential element of the crime charged. The defendant was entitled to testify as to this intent. When he had testified that he took the pistol simply for protection, and that his only purpose when he left the house was to follow his wife and Tiedwell and see what was going on, for the sake of finding out if she intended to meet him, his counsel was entitled to ask questions to emphasize this intention. But he did not ask the witness if he had any intention at that time or at any other time of injuring Tiedwell or using the pistol against him. Such questions would doubtless have been admitted. He asked a hypothetical question: "If you found that she did intend to meet him, was it then your purpose to injure Tiedwell?" It is difficult for any one to speak accurately as to a potential intention depending on a future contingency. If the question was intended to elicit a future intention depending on a future contingency, it is still more difficult to answer. It does not appear from the record that the contingency suggested did in fact happen. The court might well have admitted the question, although it was objectionable in form; but the defendant cannot complain of its exclusion. He was not prevented from explaining his intention, nor from denying any intent to kill, as fully and strongly as he pleased. The fact that the jury accepted the defendant's statement and found him not guilty of the charges of which intent was an element, renders the possibility of injury having resulted from the ruling extremely remote.

*Second.* If the defendant was entitled to prove that the witness Tiedwell "had been criminally intimate with Mrs. Ferguson for a period of several months," as a fact tending to prove his defense or to disprove the case of the State, he was not entitled to prove it on cross-examination of the State's witness, when it had no relation to anything to which the witness had testified on his examination in chief. The only ground on which it could be claimed as proper cross-examination is as bearing on the credibility of the witness; this is the main ground on which its admissibility was claimed in argument, and the only ground deserving attention. Conceding that the defendant might have asked the witness whether he had lived in adultery with Mrs. Ferguson, it is plain that the witness might have refused to answer. If he had answered in the negative, the defendant would not have had the right to pursue a long cross-examination to elicit facts which might be claimed as disproving the denial; certainly such an examination and its extent would be subject to the discretion of the court. We think when the court was asked to permit this line of inquiry without asking the witness a direct question on the subject, the examination was equally within the court's discretion. Admitted adultery may tend to impeach the credit of a witness, but the court is not bound to try a charge of adultery for that purpose. There is nothing in the record to indicate any substantial reason for pursuing such inquiry, and the defendant testifies that he had no reason to suspect and did not believe that his wife and Tiedwell had been guilty of illicit intercourse. The court properly excluded the line of inquiry. The assignment of error does not accurately state the ruling made.

*Third.* The trial court properly declined to try the question of the defendant having been actually engaged in prior quarrels. The defendant certainly has no reason to complain of the latitude allowed him in proving his peaceable character.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.