## UNITED STATES v. SHAPIRO.
### No. 93, Docket 20366.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1947.

Menahem Stim, of New York City (Curran & Stim, of New York City, on the brief), for appellant.

John J. Donovan, Jr., Asst. U.S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, on the brief), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

 Defendant, a wholesaler of fruit and produce, was convicted of violating price control regulations by requiring a customer to purchase other produce along with lettuce. On this appeal he contests a conviction absent proof of violation of ceiling prices; but we have held proof of a tie-in sale alone sufficient to convict under this self-same regulation. United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798,

certiorari denied George F. Fish, Inc., v. United States, 66 S.Ct. 1377. Certain other assigned errors can be summarily dismissed. The regulation was duly published in the Federal Register;[1] and in any event the court properly took judicial notice of it without formal proof. Caha v. United States, 152 U.S. 211, 221 222, 14 S.Ct. 513, 38 L.Ed. 415; Thornton v. United States, 271 U.S. 414, 420, 46 S.Ct. 585, 70 L.Ed. 1013. Defendant's offer to prove that on occasions other than those charged he sold lettuce without tie-in with other vegetables was properly rejected, as the evidence was irrelevant. 1 Wigmore on Evidence, 3d Ed.1940, § 195, pp. 665, 666; State v. Ferguson, 71 Conn. 227, 41 A. 769. And the evidence of the customer D'Avino of the five tie-in sales to him was sufficient to justify the jury's verdict, even against his own denials. This leaves as the substantial and important question defendant's claim that the prosecution violates his constitutional and statutory immunity because the leads from which it developed were obtained from his books, produced by him in obedience to a subpoena issued by the Price Control Administrator.

The subpoena of the Administrator had required defendant to produce his sales records for September, 1944, at the local price control office. The Administrator, by a previous valid regulation, § 14 of Art. 2 of § 1439 of MPR 426, had required such records to be kept by persons of defendant's trade status. When defendant appeared with his books he asked what immunity he would receive and was told he would be given whatever immunity flowed as a matter of law from the production of the books. He then made formal claim for constitutional and statutory immunity, and handed over the books. Obtaining the names of customers from these books the price control officials discovered through investigation that D'Avino was prepared to testify as to tie-in sales as of an earlier period, namely, August, September, and November, 1943.

Defendant bases his claim to immunity

---

[1] As originally issued in 1943, MPR 426 was published in 8 F.R. 9546, 10571; it was frequently amended in details, all likewise published, as cf. Amt. 193, Oct. 1, 1946, in 11 F.R. 11199, and earlier references there and in 32 CFR, 1943 Supp. 1535, 1944 Supp. 2821, 1945 Supp. 3413.

on the Fifth Amendment and on § 202(g) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 922(g), which is as follows: "No person shall be excused from complying with any requirements under this section because of his privilege against self-incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893 (U.S.C., 1934 edition, title 49, sec. 46), shall apply with respect to any individual who specifically claims such privilege."[2] The Compulsory Testimony Act provides in substance that no person shall be excused from testifying or producing books in response to a subpoena or otherwise in proceedings before the Interstate Commerce Commission or for violation of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., on the ground that the evidence, documentary or otherwise, "may tend to criminate him or subject him to a penalty or forfeiture"; but he shall not be prosecuted or subjected to any penalty or forfeiture "on account of any transaction * * * concerning which he may testify, or produce evidence" in response to subpoena or otherwise. 49 U. S.C.A. § 46.

It was settled by Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558, that the constitutional immunity does not attach to records required by law, for these are public documents. But defendant says that even if the distinction is drawn between required and voluntary records in the cases arising under the Fifth Amendment, no such distinction is warranted under the terms of the presently applicable statute. For that grants immunity for compliance "with any requirements under this section," that is, with all requirements of the lengthy section, including subsection (b), which is the Administrator's grant of authority for requiring the keeping of the records in question. He urges that this shows a congressional intent to extend immunity to the production of required as well as nonrequired records. For otherwise the Administrator would have the power to render the immunity provision quite inoperative and meaningless by merely imposing broad record-keeping requirements on the businesses within his field of operations. Moreover, as he urges, the statute is constitutional only if it affords a protection as broad as that of the Fifth Amendment, Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128, which will not be the case if its coverage is dependent only on the will of the Administrator.

We have reached an opposite conclusion, however, by an examination of the settled construction of the constitutional privilege against self-incrimination and of the congressional intent granting broad record-requiring powers to the Price Administrator. The principle that the constitutional privilege against self-incrimination protects individuals against being forced to produce private documents for inspection, but not against being forced to produce public documents, is quite clear. Rodgers v. United States, 6 Cir., 138 F.2d 992, 995, 996. "The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established." Wilson v. United States, supra, 221 U.S. 361, 380, 31 S.Ct. 538, 544, 55 L.Ed. 771, Ann.Cas.1912D, 558. Since the books here involved were such public documents, defendant had no constututional privilege. Hence he gained statutory immunity only if statutory immunity is construed as being broader than constitutional privilege.

[2] Many regulatory statutes confer broad record-requiring powers upon administrative agencies and contain immunity clauses similar to this one. Among these are Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78q, 78u(d); National Labor Relations Act, 29 U.S.C.A. §§ 156, 161; Public Utility Holding Company Act of 1935, 15 U.S.C.A. §§ 79o(c), 79r(c), 79r (e); Federal Power Act, 16 U.S.C.A. §§ 825a, 825f(g); Civil Aeronautics Act of 1938, 49 U.S.C.A. §§ 425(a), 644; Fair Labor Standards Act of 1938, 29 U.S. C.A. §§ 209, 211, 49 U.S.C.A. §§ 49, 50; Second War Powers Act of 1942, 50 U. S.C.A.Appendix, §§ 633(3), 633(4).

■ But the Compulsory Testimony Act, alone or, as here, incorporated in the Price Control Act, may not be so construed. The United States Supreme Court, speaking through Mr. Justice Holmes, has said: "But the obvious purpose of the statute is to make evidence available and compulsory that otherwise could not be got. We see no reason for supposing that the act offered a gratuity to crime. It should be construed, so far as its words fairly allow the construction, as coterminous with what otherwise would have been the privilege of the person concerned." Heike v. United States, 227 U.S. 131, 142, 33 S.Ct. 226, 227, 57 L. Ed. 450, Ann.Cas.1914C, 128. See also Grubb, J.'s opinion in United States v. Skinner, D.C.S.D.N.Y., 218 F. 870, 876. Therefore, if the witness has, as in this case, no constitutional privilege to relinquish, he gains no immunity under the statute. By importing the Compulsory Testimony Act, with its settled judicial construction, into the Price Control Act, Congress indicated its intention to grant in that Act an immunity similarly limited. Amato v. Porter, 10 Cir., 157 F.2d 719.[3]

■ To hold that the statutory immunity attaches only to private documents, and not to public documents, does not destroy the immunity clause of the Act. The immunity clause will apply to oral testimony given in hearings and investigations conducted by the Administrator. Bowles v. Trowbridge, D.C.N.D.Cal., 60 F.Supp. 48; United States v. Armour & Co., D.C.E.D.Pa., 64 F.Supp. 855. It will apply furthermore to documents the Administrator has subpoenaed, but which he had not required to be kept. Indeed, to hold that the statutory immunity attaches to public documents would greatly decrease the utility of statutory provisions authorizing administrative agencies to re-quire the keeping of records. The purpose of such authorizations is to aid administrative agencies in the investigation and prosecution of violators of the statutes entrusted to them for enforcement by making available to the agencies a body of public documents covering transactions under their jurisdiction.

But there is an even more compelling reason for thus construing the statute. It has now been made clear by authoritative rulings that the administrative agencies have no power to secure the documents, even though required by law, through the process of a general search and seizure of a custodian's premises, but may obtain them only, if consent is not given, by a subpoena. This was so held in Bowles v. Beatrice Creamery Co., 10 Cir., 146 F.2d 774, which was cited and followed in both Judge L. Hand's and Judge Frank's opinions in United States v. Davis, 2 Cir., 151 F.2d 140; and these views, in turn, were approved by Mr. Justice Frankfurter for the dissenting justices in Davis v. United States, 66 S.Ct. 1256, and were not questioned by the majority. Indeed, the subpoena is the only remedy stated in the statute itself, §§ 202(b) and (c). Hence here the price officials were taking the statutory course, and the only legal course, against a refusal or the qualified refusal represented by the claim of immunity. To hold that the power to subpoena is subject to a grant of immunity from prosecution would thus destroy the only sure method by which the agencies may inspect the records in their enforcement duties. Such a holding would destroy the value of record-keeping requirements—which are unquestionably valid, United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, 51 A.L.R. 1020—by making their use de-

---

[3] All the decisions to date but one have refused immunity to the production of required records under the price control regulations, usually discussing only the constitutional immunity, without separate reference to the statute. Amato v. Porter, 10 Cir., 157 F.2d 719; Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F. 2d 566, 571, reversing Brown v. Glick Bros. Lumber Co., D.C.S.D.Cal., 52 F. Supp. 913, certiorari denied 325 U.S. 877, 65 S.Ct. 1554, 89 L.Ed. 1994; Bowles v. Stitzinger, D.C.W.D.Pa., 59 F.Supp. 94; Bowles v. Kirk, D.C.W.D.Pa., 59 F.Supp. 97; United States v. Kempe, D.C.N.D. Iowa, 59 F.Supp. 905; Bowles v. Chew, D.C.N.D.Cal., 53 F.Supp. 787. Of the cases which have also construed the statute, Bowles v. Seitz, D.C.W.D.Tenn., 62 F.Supp. 773, and Bowles v. Misle, D.C. Neb., 64 F.Supp. 835, are in accord with the views expressed here. In re Hoffman, D.C.D.C., 68 F.Supp. 53, is contra.

pendent upon the waiver by suspected wrongdoers of the privilege against self-incrimination. We cannot ascribe to Congress so capricious a grant of an important regulatory power.

Since this disposes of the appeal, we need not consider the further contention by the prosecution that, in any event, no immunity attaches to the production of the books by the defendant here because the connection between the books and the evidence produced at the trial was too tenuous to justify the claim.

Affirmed.