**UNITED STATES v. BRADFORD.**

No. 139, Docket 20278.

Circuit Court of Appeals, Second Circuit.

March 18, 1947.

Writ of Certiorari Denied May 19, 1947.

See 67 S.Ct. 1351.

730

Robert L. Bradford, pro se.

Adrian W. Maher, U. S. Atty., of Bridgeport, Conn., and Thomas J. Birmingham, Asst. U. S. Atty., of Hartford, Conn., for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

 Defendant pleaded nolo contendere to an information charging him with using preference ratings established under § 301 of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633, to secure quantities of electrical equipment greater than the ratings called for. He now appeals from a sentence imposed pursuant to his plea. His contention, that the information fails to charge an offense, survives his plea. United States v. Ury, 2 Cir., 106 F. 2d 28, 124 A.L.R. 569; United States v. Max, 3 Cir., 156 F.2d 13. His further claim of authority to obtain the equipment under other preference ratings is, however, merely an attempt at denial, contrary to the admissions of his plea. Forthoffer v. Swope, 9 Cir., 103 F.2d 707.

 Contrary to defendant's argument the information was not invalid because it did not allege publication in the Federal

Register of the regulation violated, Priorities Reg. No. 3, 32 CFR, Cum.Supp., § 944.-23, 7 F.R. 7887 as amended. The courts may take judicial notice of the regulations of federal administrative agencies. Caha v. United States, 152 U.S. 211, 221, 222, 14 S.Ct. 513, 38 L.Ed. 415; Thornton v. United States, 271 U.S. 414, 420, 46 S.Ct. 585, 70 L.Ed. 1013; United States v. Shapiro, 2 Cir., 159 F.2d 890. Nor was it invalid for failure to allege that the commodities involved were covered by published general priority orders. Under the regulations private persons having difficulty in obtaining uncontrolled commodities to complete defense contracts could secure preference ratings by individual written application to the War Production Board. The Board endorsed upon the application the grant of a preference rating for the commodities needed under the particular contract and returned the application to the sender. P R-2, 32 CFR, Cum.Supp., § 944.22, 6 F.R. 4684. Once "assigned" by the Board, such a rating could be "applied" (used) by the recipient to secure the proper quantity of the commodities he needed. The supplier of these commodities could in turn "extend" (use) the rating to secure from subsuppliers the commodities he needed to fill the original rating holder's order. The term "apply" denoted an original use, the term "extend" a subsequent use. Possession and misuse of a rating, either by application or by extension, were therefore but details of proof for the prosecution, which the defendant admitted by his plea. Also unnecessary were allegations of all the methods of violation open to defendant. Specifically the information charged that defendant abused preference ratings by extending them; it was unnecessary to allege that defendant did or did not also illegally apply them.

■ The argument that as applied to the commodities here involved PR-3, supra, is unconstitutional, we consider frivolous at this late date. See United States v. Randall, 2 Cir., 140 F.2d 70; Shreveport Engraving Co. v. United States, 5 Cir., 143 F.2d 222, certiorari denied 323 U.S. 749, 65 S.Ct. 82, 89 L.Ed. 600.

Affirmed.