Boris ZEBELMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7830.

United States Court of Appeals
Tenth Circuit.

Dec. 14, 1964.

John L. Boeger, St. Louis, Mo. (Morris A. Shenker, Murry L. Randall and Emanuel Shapiro, St. Louis, Mo., on the brief), for appellant.

Newell A. George, U. S. Atty., for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was charged in a fifteen count indictment with the unlawful use of the mails in conducting and promoting a " * * * lottery, gift enterprise, or similar scheme offering prizes dependent in whole or in part upon lot or chance * * *" in violation of 18 U.S.C.A. § 1302. He filed a motion to dismiss the indictment on the grounds that it failed to charge an offense under § 1302 and that the facts alleged in each count, even if true, failed to charge a scheme dependent in whole or in part upon lot or chance within the meaning of the statute. When this motion was denied, Zebelman entered a plea of nolo contendere to the first count of the indictment and the remaining counts were dismissed upon motion of the Government. Zebelman then per-

fected this appeal from the judgment entered pursuant to the plea of nolo contendere.

The scope of review in a case such as this is limited. A plea of nolo contendere is an admission of guilt for the purposes of the case and, ordinarily, leaves open for review only the sufficiency of the indictment.[1] It has the effect of a plea of guilty[2] and admits all of the well-pleaded facts alleged in the indictment for the purposes of the case.[3] Nevertheless, appellant's contention that the indictment failed to charge an offense, clearly survives the plea.[4] We must therefore determine whether the allegations of the indictment alone are sufficient to charge an offense under § 1302.

At the outset, we must frankly state that the first count of the indictment is not artfully drawn. It is alleged in the first paragraph that Zebelman and his co-defendants " * * * did knowingly, wilfully, unlawfully and feloniously deposit and cause to be deposited in the United States mail to be sent and delivered by the Post Office Department of the United States certain letters concerning a certain lottery, gift enterprise or similar scheme offering prizes dependent in whole or in part upon lot or chance * * * " and in the last paragraph that they " * * * did knowingly, wilfully and unlawfully deposit and cause to be deposited in an authorized depository for mail matter at the United States Post Office at Smith Center, Kansas, within the District of Kansas, to be sent and delivered by United States mail a certain letter addressed to Grade School Principal, Gardner, Kansas, concerning the aforesaid scheme for a lottery, gift enterprise and similar scheme offering prizes dependent in whole and in part upon lot and chance in violation of 18 U.S.C. 1302." Stripped of excess verbiage, it is alleged in the intervening paragraphs that the letters, and subsequent personal contacts, were designed to induce the addressees of those letters to purchase an automobile from the defendants and become participants in the alleged unlawful scheme. This so-called scheme is described as follows: Upon purchasing a car, the addressee of the letter would, by agreement, become an "automobile owner representative" of the defendants and submit to the defendants the names of persons that the addressee considered to be potential or prospective purchasers and who might be induced to become participants; for each one of the persons whose name was submitted and who purchased a car and became a participant, the defendants were to pay the addressee of the letter $100 in cash; and the defendants also were to pay such addressee $50 in cash for each person whose name was submitted by the new participant and who purchased an automobile and became a participant. In other words, the defendants were to pay an "automobile owner representative" $100 each time that one of the persons whose name he submitted became a participant in the scheme and also pay him an additional $50 each time that a person whose name was submitted by the new participant became an "automobile owner representative."

1. United Brotherhood etc. v. United States, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; Tseung Chu v. Cornell, 9 Cir., 247 F.2d 929, cert. denied, 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed.2d 190; United States v. Cosentino, 7 Cir., 191 F.2d 574; Crolich v. United States, 5 Cir., 196 F.2d 879, cert. denied, 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646.

2. United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 S.Ct. 1076; Carnes v. United States, 10 Cir., 279 F.2d 378, cert. denied, 364 U.S. 846, 81 S.Ct. 88, 5 L.Ed.2d 69; Fisher v. Schilder, 10 Cir., 131 F.2d 522; Annotations, 89 A.L.R.2d 540, 579–582, and 152 A.L.R. 253, 273.

3. Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940; United States v. Frankfort Distilleries, Inc., 324 U.S. 293; Harris v. United States, 10 Cir., 190 F.2d 503; McHugh v. United States, 1 Cir., 230 F.2d 252, cert. denied, 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486.

4. Jaben v. United States, 8 Cir., 333 F.2d 535; United States v. Bradford, 2 Cir., 160 F.2d 729, cert. denied, 331 U.S. 829, 67 S.Ct. 1351, 91 L.Ed. 1844.

■ Appellant's contention here is that the method of operation set forth above does not constitute an offense under § 1302 but, to the contrary, is a legitimate means of procuring purchasers of automobiles. To be legally sufficient, of course, an indictment must contain the essential elements of the offense charged and apprise the accused of the nature of the charge, so as to enable him to prepare a defense and plead the judgment in bar.[5] The only issue is whether the indictment contains all of the essential elements of an offense under § 1302.[6] Those elements are: (1) the knowing deposit, or causing to be deposited, in the mails; (2) of a letter; (3) concerning a lottery or other similar scheme offering prizes dependent in whole or in part upon lot or chance.

■ The indictment in this case follows the language of the statute. The first two elements of the offense are clearly alleged in it. And, we think that when the method of operation as alleged is carried into the second or last step, it is a scheme similar to a lottery offering a prize, i. e., $50, the receipt of which is dependent in whole or in part upon chance. It may be conceded that the original purchaser has control over the payment of the $100 since to get it, he must submit the name of a person who will purchase an automobile and become a participant in the scheme. Because he can control this phase of the scheme, the receipt of the $100 is not dependent upon chance. But, the original purchaser has no control over the payment or receipt of the $50 since it is the person whose name he submits that must locate another buyer. Insofar as the original purchaser is concerned, the procuring of this buyer is dependent, at least in part, upon chance and by the terms of the statute

that is all that is needed. Thus, the third element is alleged and we must conclude that the indictment is legally sufficient to charge an offense under the statute.

The judgment is affirmed.

---

5. Mims v. United States, 10 Cir., 332 F. 2d 944, cert. denied, 85 S.Ct. 158.

6. The statute, in pertinent part, reads as follows:
"Whoever knowingly deposits in the mail, or sends or delivers by mail;
"Any letter, package, postal card, or circular concerning any lottery, gift enterprise, or similar scheme offering prizes dependent in whole or in part upon lot or chance;
" * * *
"Shall be fined not more than $1,000 or imprisoned not more than two years, or both; and for any subsequent offense shall be imprisoned not more than five years."