17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Joel BOATRIGHT, Defendant-Appellant.
 No. 93-2173.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David J. Boatright appeals from the district court's dismissal of his motion to vacate plea agreement, which he filed pursuant to 28 U.S.C. 2255. Mr. Boatright argues the district court erred in dismissing his motion because the plea agreement he entered into was unlawfully obtained.[2] We agree with the district court and affirm the dismissal.
 
 
 3
 Mr. Boatright makes his living as an actuary. In early 1989 he was indicted, along with several of his business associates, in a multi-count indictment charging thirteen counts of conspiracy, embezzlement, and mail fraud. On November 7, 1989, he entered a plea of nolo contendere to one count of conspiring in a plan to fail to report a prohibited transaction under the Employee Retirement and Income Security Act. He was sentenced to five years' probation. He did not file a direct appeal.
 
 
 4
 He now charges that his plea was unlawfully obtained because the department of labor special agent working on the case falsified IRS form 5500. That form is submitted to the IRS and should reflect the prohibited transaction. Mr. Boatright maintains that the charge against him was predicated on this form and that the true document filed did, in fact, report the transaction. He alleges that the special agent, working with an attorney from the department of labor, intentionally falsified the form in order to prosecute him. He states he did not learn this until January of 1990, when he was being prepared to testify against one of his codefendants.
 
 
 5
 At the heart of this challenge is Mr. Boatright's assertion that there was no factual basis for his plea because the government premised the prosecution on a falsified draft of the IRS form. He argues that Fed.R.Crim.P. 11 was violated. That rule sets forth with specificity the requirements which must be met prior to the court's acceptance of a guilty plea. In particular, it requires that the defendant be apprised of the nature of the charge against him. Fed.R.Crim.P. 11(c)(1). Mr. Boatright argues this requirement was not met because he did not know about the falsified draft being used as the basis for the charge.
 
 
 6
 A guilty plea entered in technical or formal violation of Rule 11 does not state a constitutional or jurisdictional challenge and, as a consequence, it is not normally subject to collateral challenge. United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Relief is unavailable to Mr. Boatright unless he can show either (1) that a complete miscarriage of justice will occur unless his argument is heard or (2) that the alleged error resulted in a proceeding which was "inconsistent with the rudimentary demands of fair procedure." Id. at 784. Mr. Boatright has shown neither.[3]
 
 
 7
 As was fully explained during the Rule 11 hearing, the conviction was for conspiracy with another to fail to report interest and pension fund assets. See Rec. Vol. I, doc. MV-4, transcript at 7. Mr. Boatright admitted, under oath, that he made an agreement with a business associate not to report this pension transaction. Id., transcript at 9. Even accepting Mr. Boatright's allegations as true, they do nothing to dispel his own admission that he conspired to do an unlawful act. That was the basis for the conviction.
 
 
 8
 Mr. Boatright also makes reference to his mental condition at the time of the plea. He states he was undergoing psychiatric treatment during the period immediately prior to the Rule 11 hearing. Although it is not argued as such, we assume Mr. Boatright maintains his mental state had some effect on his ability to make a voluntary plea. At the hearing, however, the magistrate queried counsel and Mr. Boatright rather extensively about his mental state. At that time, he indicated he had not been under treatment for approximately one year. Id., transcript at 6. He and his counsel stated affirmatively that he was competent to make the plea. There is no evidence in this record to indicate they were wrong.
 
 
 9
 Mr. Boatright has not met his burden. Consequently, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. Appellant's motion to supplement the record is DENIED, as it appears these documents were not submitted to the district court. His motion to correct his brief is GRANTED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In the statement of issues presented in Mr. Boatright's appellate brief, he also states the district court erred "by not obtaining Appellee's answer to the allegations of the motion as required and by denying Appellant discovery." Appellant's Br. at 1. Mr. Boatright addresses these issues only in the most cursory fashion in his briefs. We have reviewed the record and see no error. Consequently, we reject these challenges
 
 
 [3]
 We also note, as did the district court, that a 2255 proceeding may not be used to correct errors of law which could have been raised on direct appeal. See Sunal v. Large, 332 U.S. 174, 178-79 (1947). For the reasons outlined above, Mr. Boatright has not shown cause and actual prejudice sufficient to overcome this procedural default. United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992)