25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eugene Allen LURKS, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-7001.
 United States Court of Appeals,
Tenth Circuit.
 June 7, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Eugene Allen Lurks, appearing pro se, appeals the
 
 
 3
 denial of his petition for a writ of habeas corpus pursuant
 
 
 4
 to 28 U.S.C. 2254. He raises two issues: (1) that the
 
 
 5
 sentenced imposed below exceeded statutory limits, and (2)
 
 
 6
 that his guilty plea was not knowingly and voluntarily
 
 
 7
 entered because he was not informed at the plea hearing of
 
 
 8
 all of his constitutional rights. For the reasons stated
 
 
 9
 below, we affirm.
 
 
 10
 Mr. Lurks was charged in Oklahoma with the brutal robberies of four separate individuals over the course of a week in November 1986. With the assistance of counsel, he pled nolo contendere to four counts of first degree robbery. During the plea colloquy, the state district court thoroughly and extensively questioned Mr. Lurks and concluded that he was capable of understanding the nature and consequences of the proceeding and that he knowingly and voluntarily entered his plea. The court subsequently sentenced Mr. Lurks to four life sentences with one life sentence to run consecutively. Mr. Lurks later filed a motion to withdraw his plea, which the district court denied. The Oklahoma Court of Criminal Appeals affirmed the denial of Mr. Lurks' motion.
 
 
 11
 Mr. Lurks thereafter filed two separate petitions for state post-conviction relief. Both petitions were denied by the district court and affirmed on appeal by the Oklahoma Court of Criminal Appeals. Mr. Lurks then pursued federal habeas relief in the United States District Court for the Eastern District of Oklahoma claiming that (1) his appellate counsel was ineffective, (2) his sentencing was in excess of statutory limits, and (3) his plea was not knowingly and voluntarily entered. The court denied Mr. Lurks request for relief on all grounds. Mr. Lurks now appeals raising only the latter two claims before this court.
 
 
 12
 The court below found that Mr. Lurks' argument concerning sentencing in excess of statutory limits was "without merit and [did] not raise a constitutional issue cognizable on federal habeas review." Rec., doc. 9, at 1-2. Because Mr. Lurks' sentencing claim is based entirely on state law, we agree and find no basis for relief on these grounds.
 
 
 13
 Mr. Lurks claims his plea was not voluntarily entered because he was not advised by the court of (1) the maximum punishment provided by law, (2) his privilege against self-incrimination, and (3) his right to confront the accusers against him. A plea of nolo contendere is an admission of guilt for the purposes of the case and has the same effect as a guilty plea. Hudson v. United States, 272 U.S. 451, 455 (1926); Zebelman v. United States, 339 F.2d 484, 485 (10th Cir.1964). Our review is generally limited to whether the plea was counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989).
 
 
 14
 The district court found after reviewing the state court records, "that Petitioner's plea was counseled and voluntary." Rec., doc. 9, at 1. Our review of the record confirms this finding. The Oklahoma court that accepted Mr. Lurks plea specifically informed him that he faced a possible life sentence on each and every robbery count. Rec., doc. 8, attachment at 12. The record also shows that Mr. Lurks discussed his constitutional rights with his attorney, id., and that he signed a guilty plea form acknowledging he was knowingly and voluntarily waiving his rights to self-incrimination and to be confronted by witnesses against him, rec., doc. 12, exh. D, at app. 1-2. The denial of habeas corpus relief is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470