UNITED STATES COURT OF APPEALS
**Filed 4/30/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID J. BOATRIGHT,

Defendant-Appellant.

No. 95-2149
(D.C. No. CIV-95-10-JB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before EBEL AND BARRETT, Circuit Judges, and BROWN.[**]

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pro se appellant David J. Boatright appeals an order of the district court dismissing with prejudice his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the motion as an abuse of process.

In November 1989, Boatright entered a nolo contendere plea to one misdemeanor count of failing to report a prohibited transaction under the Employee Retirement and Income Security Act (ERISA), and was sentenced to five years of probation. He did not file a direct appeal of his conviction.

Boatright's license as an actuary was revoked in January 1991. Aplt. App. at 23-24. In April 1991, the Department of Labor brought a civil action against Boatright based on the same ERISA violations, and a judgment was entered against him in February 1993. Id. at 16-18.

In December 1992, while the civil action was pending, Boatright petitioned for withdrawal of his plea under 28 U.S.C. § 2255 on the grounds that his plea was unlawfully obtained. He alleged the charge against him was predicated on a form he claimed had been falsified by a government investigator. The district court denied that § 2255 petition, and its denial was affirmed on appeal. United States v. Boatright, No. 93-2173, 1994 WL 50467 (10th Cir. Feb. 22, 1994).

Boatright filed this second motion to withdraw his plea in November 1994, which the district court properly characterized as a second motion to vacate, set aside, or correct his sentence under § 2255. In this § 2255 motion, Boatright alleged that, in violation of his plea agreement and Fed. R. Crim. P. 11(e)(6), the government was responsible for the termination of his license and had brought the civil suit against him using information he had provided to department of labor attorney Jeffery D. Cohen as part of his plea agreement. He also contends that Cohen's dual role in both the criminal and civil actions was improper.

The district court found the second petition was an abuse of process pursuant to Rule 9(b) of the Rules Governing § 2255 Proceedings because Boatright unjustifiably failed to assert his present claims in his earlier § 2255 petition. We review the district court's Rule 9(b) dismissal of Boatright's § 2255 motion for an abuse of discretion, United States v. Cullum, 47 F.3d 763, 764 (5th Cir. 1995), and we affirm.[1]

Under the abuse of the writ doctrine in Rule 9(b), Boatright's second § 2255 motion may be dismissed unless he excuses his failure to raise his contentions earlier "by showing cause and prejudice therefrom or by showing that 'a fundamental miscarriage of justice would result from a failure to entertain the claim[s].'" United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993)(quoting McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)). To show "cause" under this cause and prejudice test, defendant must demonstrate that some objective

---

[1] At our request, the district court clerk supplemented the record on appeal with the separately docketed district court record from Boatright's first § 2255 motion.

and external failure prevented him from raising his claims earlier, something that cannot be fairly attributable to him.  Coleman v. Thompson, 501 U.S. 722, 753 (1991).

Boatright offers three reasons why he did not raise his arguments as part of his first § 2255 motion:  1) he did not  discover the government's plea offer letter stating that, "any proffered information will not be used against your client should we fail to finalize an agreement,"  R. Vol. 1, Tab 1, Ex. B, until his first § 2255 motion was on appeal, id. at Tab 5, p. 2; 2) he made a "judgment call" to wait to see how the appeals in the civil matter would be resolved before seeking redress through a second § 2255 motion, id. at Tab 5, p. 5; and 3) ineffective assistance of counsel prevented him from raising the grounds earlier, R. Vol. II, Tab 21, p.4.

The factual bases for Boatright's new claims were clearly available to him when he filed his first § 2255 motion.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Boatright could have raised his contentions under the plea agreement and Rule 11(e)(6) without the plea offer letter.  Therefore, he was not prevented by some external cause from raising his arguments as part of his prior motion.  Furthermore, given that Boatright appeared pro se at his first § 2255 motion and that there is no constitutional right to counsel in a § 2255 proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), his conclusory allegation of ineffectiveness of counsel does not establish cause.  Indeed, Boatright's admission that he made a "judgment call" to wait until resolution of his civil suit before raising the claims he now asserts defeats any claimed basis for cause.  Contrary to Boatright's contention, an

4

evidentiary hearing was unnecessary because there are no controverted factual issues to be resolved in this case.

Finally, we are not persuaded by Boatright's claim of factual innocence in an attempt to show that a fundamental miscarriage of justice would result from a failure to entertain his claims. As we noted in Boatright, 1994 WL 50467, at *2, "Boatright admitted, under oath, that he made an agreement with a business associate not to report this pension transaction." See also Zebelman v. United States, 339 F.2d 484, 485 (10th Cir. 1964)(a plea of nolo contendere is an admission of guilt for purposes of the case). The district court did not abuse its discretion in dismissing Boatright's motion. Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.[2]

The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge

---

[2] Without deciding whether the amendments to 28 U.S.C. § 2255 signed into law on April 24, 1996 are applicable to this case, we note that the result in this case under these amendments would be the same.