**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNEST E. HUBER,

      Plaintiff-Appellant,

v.

STEVE HARGETT,

      Defendant-Appellee.

Case No. 96-6390

(D.C. 96-659-M)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT***

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ernest E. Huber, proceeding pro se, appeals the district court's dismissal of his petition for a writ habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Mr. Huber's application for a certificate of appealability for leave to appeal pursuant to 28 U.S.C. § 2253. Because we determine that Mr. Huber has failed to demonstrate a substantial showing of a denial of constitutional right, we deny Mr. Huber's application and dismiss the appeal.

## DISCUSSION

Mr. Huber entered a plea of nolo contendere[1] to first-degree murder, for which he was sentenced on May 15, 1987 to life imprisonment pursuant to a plea agreement. The plea was counseled, and the trial court advised Mr. Huber of his right to a direct appeal. See Rec. doc. 16, Ex. A, at 18 (May 15, 1987 transcript). Mr. Huber did not seek to withdraw his plea, nor did he file a direct appeal of his conviction. In his petition for a writ of habeas corpus, Mr. Huber alleges: (1) the trial court's inquiry into his mental competence was insufficient; (2) the trial court erred when it accepted his plea of nolo contendere without establishing a factual basis for the plea; and (3) he was deprived of

---

[1] "A plea of nolo contendere is an admission of guilt for the purposes of the case and has the same effect as a guilty plea." Lurks v. Reynolds, No. 94-7001, 1994 WL 242227, at **1 (10th Cir. June 7, 1994) (citing Hudson v. United States, 272 U.S. 451, 455 (1926); Zebelman v. United States, 339 F.2d 484, 485 (10th Cir. 1964)).

2

effective assistance of counsel, because his counsel did not advise him to withdraw his plea or to appeal any adverse decision.[2]

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2253 to provide in part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
>
> * * * *
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

Pub. L. No. 104-132, tit. I, § 102, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)). This provision applies to all cases and appeals filed after April 24, 1996, the date President Clinton signed the Act into law. Lennox v. Evans, 87 F.3d 431, 432 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997). Thus, this provision applies to this action, which was filed on April 29, 1996.

---

[2] Mr. Huber also appears to allege that the trial court did not comply with the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089 (1970) (amended 1995), when disposing the post-conviction application without a hearing. Federal habeas relief is available only to persons being held in state custody in violation of federal constitutional or statutory law; it is not a remedy for violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, we will not address Mr. Huber's argument under the Oklahoma Post-Conviction Procedure Act.

3

"We review de novo the district court's legal conclusions in dismissing a petition for a writ of habeas corpus." Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, No. 96-8134, 1997 WL 120775 (U.S. May 12, 1997). We review the district court's factual findings for clear error. See id. State court factual findings "shall be presumed to be correct" unless Mr. Huber meets his burden of rebutting the state's factual determination by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1996). We liberally construe a pro se litigant's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Mr. Huber is procedurally barred from obtaining habeas review on the grounds he alleges because he did not timely seek to withdraw his plea or otherwise appeal his conviction. See Okla. Stat. tit. 22, § 1086 (1991); Okla. Crim. App. R. 4.2, Okla. Stat. tit. 22, Ch. 18. App.; Worthen v. Meachum, 842 F.2d 1179, 1181 (10th Cir. 1988) (stating that "post-conviction relief is not available to a defendant who has not perfected a timely direct appeal unless he articulates special circumstances showing 'sufficient reason' for his failure") (citing Okla. Stat. tit. 22 § 1086). Here, the state court determined that Mr. Huber did not make an adequate showing required to challenge the voluntariness of his plea in post-conviction proceedings, because he "has not established any sufficient reason for [his] failure" to raise these issues in a motion to withdraw his plea and in an appeal of his conviction. Rec. doc 12, Ex. D (citing Okla. Stat. tit. 22 § 1086; Hale v. State, 807 P.2d 264, 266-67 (Okla. Crim. App. 1991)).

4

Furthermore, the Supreme Court has stated that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991); see Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir. 1991) (discussing Coleman's cause and prejudice standard). The magistrate judge's report properly established that the state court's application of the procedural bar here rested on adequate and independent state grounds.

The magistrate judge's report also thoroughly analyzed Mr. Huber's claims under Coleman's "cause and prejudice" standard and found no basis for relief. We agree with the magistrate judge's determination that Mr. Huber is unable to demonstrate that his failure to withdraw his plea and appeal his conviction may be attributed to ineffective assistance of counsel or trial court error. We also agree with the magistrate judge's conclusion that Mr. Huber failed to show that a "fundamental miscarriage of justice" will result if we decline to consider his constitutional claims.

The district court denied Mr. Huber's petition for a certificate of appealability when it adopted the magistrate judge's comprehensive report and recommendation. We have reviewed the entire record, including the district court's order, the magistrate judge's report and recommendation, Mr. Huber's brief and application for a certificate of appealability. We conclude that Mr. Huber has failed to make a "substantial showing of

5

the denial of a constitutional right" for substantially the same reasons set forth in the magistrate judge's report. Accordingly, we DENY Mr. Huber's application for a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge